Jack **ISHAM** and Michael Isham

v.

William W. **BLOUNT**, Assistant Secretary of Commerce for Economic Development, et al.

**Civ. A. No. 8478.**

United States District Court, E. D. Tennessee, N. D.

Feb. 12, 1974.

------◆------

Law Offices of J. Polk Cooley, Rockwood, Tenn., for plaintiffs.

John L. Bowers, Jr., U. S. Atty., Douglas L. Dutton, Ayres, Parkey,

Skaggs & Ware, Knoxville, Tenn., Mc-David & Lockett, Harriman, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs initially filed this action against William W. Blount, Assistant Secretary of Commerce for Economic Development, and others, in the Chancery Court for Roane County, Tennessee, seeking title and partition to their respective ⅙ interest in fee in certain property pursuant to an earlier decree in Caruthers v. Isham, Civ. No. 8644 (Tenn.Chancery, Roane 1972). Defendant Blount thereupon removed this action to this court for further proceedings.

It is the opinion of the Court that such removal was improper in light of 28 U.S.C. § 1346(f) (Supp.1973), 1402(d) (Supp.1973); 2409a (Supp. 1973); Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

In 1972 Congress amended Title 28 of the United States Code to allow the United States to be made a party to actions in the United States District Courts to quiet title to lands in which the United States claims an interest.[1]

In particular, Section 2409a(a) provides, in part:

"(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409(a) (Supp.1973)[2]

Concurrent with this amendment, Public Law No. 92–562, provided in amending Section 1346 of Title 28 that:

"(f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a [supra] to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U. S.C. 1346(f) (Supp.1973)

It would appear that the exclusivity requirement of Section 1346(f) rendered any removal ineffective, as the law has generally recognized the derivative principle of removal jurisdiction. For example, it was submitted in Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377 at 379, 42 S.Ct. 349 at 351, 66 L.Ed. 671 that:

"As the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject matter of of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

Thus, the jurisdictional infirmity arising out of Section 1346(f), supra, was not cured by removal of this action, inasmuch as both parties denominate this action as one of quiet to title against United States real property.

In conclusion, in light of the above, it is ordered that this action be, and the same hereby is, returned to the Chancery Court of Roane County for disposition pursuant to this memorandum.

---

1. Amended Section 2409a captioned, "Real property quiet title actions," addresses itself to lands in which the Federal government claims a title interest. Section 2410, permitting the United States to assert its interest in a state proceeding speaks solely to a lien interest.

2. For the House Report, see 1972 U.S.C.C. & Admin.News, p. 4547.