**Donald L. WAMP et al., Plaintiffs-Appellants,**

v.

**CHATTANOOGA HOUSING AUTHORITY, CITY OF CHATTANOOGA, TENNESSEE, et al., Defendants-Appellees.**

**No. 75–1192.**

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 30, 1975.

Decided Dec. 5, 1975.

Richard P. Jahn, Tanner & Jahn, Chattanooga, Tenn., for plaintiffs-appellants.

John L. Bowers, U. S. Atty., Hugh J. Moore, Jr., Asst. U. S. Atty., Witt, Gaither, Richardson, Henniss & Whitaker, Chattanooga, Tenn., for Cameron-Oxford Assoc.

W. A. Wilkerson, Chattanooga, Tenn., for Chattanooga Housing Auth.

Gary D. Lander, Michael A. McMahan, Randall L. Nelson, Eugene N. Collins, Michael A. McMahan, Chattanooga, Tenn., for City of Chattanooga.

George L. Foster, Chattanooga, Tenn., for Milligan-Reynolds Guaranty Title Agency, Inc.

James W. Gentry, Jr., Chattanooga, Tenn., for Cameron-Oxford Associates.

Before PHILLIPS, Chief Judge, and PECK and MILLER, Circuit Judges.

PER CURIAM.

This action was filed to enjoin the construction of an apartment complex on Cameron Hill, a local landmark in Chattanooga, Tennessee, where municipally owned Boynton Park formerly was located. The suit was initiated in the State Chancery Court and was removed by the defendant to the United States District Court.

In an opinion published at 384 F.Supp. 251 (E.D.Tenn.1974), Chief District Judge Frank W. Wilson held that the plaintiffs did not have standing under Tennessee law to maintain the suit in Tennessee Chancery Court and that the District Court therefore had no removal jurisdiction. Accordingly, the action was dismissed. Plaintiffs appeal. Reference is made to the reported decision of the District Court for a recitation of the pertinent facts.

Appellants contend that the District Court incorrectly construed the relevant Tennessee decisions and, therefore, they have standing to sue under Tennessee state law. We hold that the District Court correctly construed and applied the controlling decisions of the Supreme Court of Tennessee. *Sachs v. County Election Commission,* 525 S.W.2d 672, 673 (Tenn.1975); *Bennett v. Stutts,* 521 S.W.2d 575, 576 (Tenn.1975); *Badgett v. Rogers,* 436 S.W.2d 292, 294 (Tenn.1968); *Patton v. City of Chattanooga,* 108 Tenn. 197, 65 S.W. 414 (1901).

The Supreme Court of Tennessee ruled to the same effect in its decision in another case involving the Cameron Hill area in Chattanooga. In an action filed in Chancery Court, a group of interested citizens and taxpayers sought to enjoin the Chattanooga Housing Authority and the City of Chattanooga from altering or changing the natural contours or topography of Boynton Park and abolishing it as a public park. In an unpublished decision announced November 9, 1962, the Supreme Court of Tennessee said:

Second, these complainants are entitled to no rights in Boynton Park other than those common to all citizens of Chattanooga.

Tennessee decisions holding as above stated are legion. It is said that the leading case is *Patton v. Chattanooga,* 108 Tenn. 197, 65 S.W. 414.

■ It is further asserted by appellants that, even if the District Court was correct in its interpretation of Tennessee law, they have standing as a matter of federal law. We agree with the District Court that if appellants had no standing to maintain the action in the State court, the District Court had no removal jurisdiction.[1]

In *Lambert Co. v. Baltimore & Ohio R. R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922), the Supreme Court, speaking through Mr. Justice Brandeis, said:

The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert* was followed and applied in this court in *Bancohio v. Fox,* 516 F.2d 29 (6th Cir. 1975), in which numerous other decisions are cited to the same effect. *See also Friedr. Zoellner Corp. v. Tex. Metals Co.,* 396 F.2d 300, 301 (2d Cir. 1968).

The decision of the District Court is affirmed. Costs on this appeal are taxed against appellants.

---

1. Even if federal standing decisions were applicable, appellants would be met by the decisions of this court in *Gibson & Perin Co. v. City of Cincinnati,* 480 F.2d 936 (6th Cir. 1973), cert. denied, 414 U.S. 1068, 94 S.Ct. 577, 38 L.Ed.2d 473 (1973); and *South Hill Neighborhood Association v. Romney,* 421 F.2d 454 (6th Cir. 1969), cert. denied, 397 U.S. 1025, 90 S.Ct. 1261, 25 L.Ed.2d 534 (1970).