**FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION**

v.

**UNITED STATES of America.**

**No. 77–3003–NA–CV.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Jan. 6, 1978.

---

William L. Rosenberg, Nashville, Tenn., for plaintiff.

Wm. Gary Blackburn, Asst. U. S. Atty., Nashville, Tenn., J. Vaulx Crockett, III, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

MORTON, Chief Judge.

On December 3, 1976, plaintiff filed suit in the Chancery Court for Davidson County, Tennessee, to quiet title to certain real estate redeemed by defendant. Jurisdiction for the state court action was asserted pursuant to 28 U.S.C. § 2410. On January 5, 1977, defendant removed the state court action to this court pursuant to 28 U.S.C. § 1444. The case was submitted to the court for determination by the parties on a stipulation of facts and briefs. Based on the stipulation of facts and briefs, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

To secure an indebtedness owed to it by Ralph Stevens on a piece of property owned by Mr. Stevens and located in Nashville, Tennessee, plaintiff held a first lien on the property by virtue of a trust deed with power of sale. Assessments for unpaid federal taxes by Mr. Stevens were made against the property by defendant during the first few months of 1976. Notices of these federal tax liens were filed by defendant in the appropriate state offices. On default by Mr. Stevens on the payment of his indebtedness on the property, plaintiff declared its loan in default and had the property advertised for sale by the trustee of the property. Proper notice of the sale was given to defendant pursuant to 26 U.S.C. § 7425. There being no other bidders, the trustee purchased the property for plaintiff for $19,000 as per instructions received from plaintiff. It was frequently the policy of plaintiff to purchase property at its foreclosure sales at approximately one-half the amount of the outstanding loan balance owed to it at that time. At the time of the foreclosure sale, the outstanding loan balance on the property in question was $37,063.28.

The trustee conveyed the property to plaintiff by deed dated July 14, 1976. On July 22, 1976, the deed of conveyance was recorded in the Register's Office for Davidson County, Tennessee. Shortly thereafter, plaintiff was notified by defendant that it intended to redeem the property pursuant to 26 U.S.C. § 7425(d). Plaintiff then contacted defendant in an attempt to increase its bid price for the property. This attempt was unsuccessful. On October 22, 1976, defendant executed a Certificate of Redemption for the property. On October 27, 1976, plaintiff recorded a document in the Regis-

ter's Office for Davidson County, Tennessee entitled "Instrument of Correction." This document, which was signed by both plaintiff and the trustee of the property, provided in pertinent part as follows:

WHEREAS, by Trustees Deed of record in Book 5048, page 618, Register's Office for Davidson County, Tennessee, William L. Rosenberg, Successor Trustee conveyed to Fidelity Federal Savings & Loan Association the property therein described; and

WHEREAS, through error and inadvertence, the said consideration was shown as Nineteen Thousand and no/100ths Dollars when in fact it should have been Thirty Seven Thousand Sixty Three and 28/100ths Dollars;

NOW, THEREFORE, in order to correct said error and inadvertence this corrective instrument is made and for the considerations expressed in said Trustees Deed, the undersigned do hereby agree that the consideration shall be Thirty Seven Thousand Sixty Three and 28/100ths Dollars instead of Nineteen Thousand and no/100ths Dollars:

On October 28, 1976, defendant recorded its Certificate of Redemption in the Register's Office for Davidson County, Tennessee and tendered to plaintiff the sum of $19,648.57, representing the bid price for the property, costs and expenses of foreclosure, and interest thereon. Plaintiff thereafter refused this tender of money as being insufficient and filed this action in state court to quiet title to the property.

## CONCLUSIONS OF LAW

Plaintiff alleges that the certificate of redemption constitutes a cloud on its title to the property in question and seeks the following relief:

(2) That all adverse claims to said real property be determined by decree of this court.

(3) That said decree, declare and adjudge that plaintiff owns in fee simple and is entitled to the quiet and peaceful possession of said real property, and that defendant, and all persons claiming under

it, have no estate, right, title, lien or interest in or to said real property or any party thereof.

(4) That said decree permanently enjoin defendant, and all persons claiming under it, from asserting any adverse claim to plaintiff's title to said property.

. . .

Defendant denies that plaintiff is entitled to any relief, and seeks to have this court determine that the redemption was proper. For the reasons hereinafter stated, the court finds that plaintiff's claims for relief must fail.

■ A threshold question in all civil cases is whether the court has jurisdiction over the subject matter of the lawsuit. Defendant initially raised the question of whether the court had jurisdiction over the subject matter of this action, but later dropped its challenge. However, the mere fact that a defendant no longer contests the jurisdiction of a court does not end the court's inquiry. The lack of subject matter jurisdiction in a case "is not waivable" by the parties and "must be raised by the court on its own motion . . .." *Mayer Paving & Asphalt Co. v. General Dynamics Corp.,* 486 F.2d 763, 771 (7th Cir. 1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 899, 39 L.Ed.2d 102 (1974).

In the case sub judice, plaintiff filed suit in state court pursuant to 28 U.S.C. § 2410. Section 2410 provides in pertinent part as follows:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

\*　　\*　　\*　　\*　　\*　　\*

real or personal property on which the United States has or claims a mortgage or other lien.

Section 2410 constitutes an express limited waiver of the United States' sovereign immunity from suit. Simply stated, the doc-

trine of sovereign immunity is the principle of law that the United States as sovereign is immune from suit except where Congress by specific statutory provision has waived that immunity. *Larson v. Domestic and Foreign Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *United States v. Shaw,* 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). The limitations and conditions imposed by Congress in waiving immunity must be strictly observed with no exceptions implied. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Thus, in the absence of an express statutory waiver of immunity, a court lacks jurisdiction to entertain an action brought against the United States. *United States v. Sherwood, supra; Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939).

As was noted above, section 2410 constitutes an express waiver of the United States' sovereign immunity from suit. However, the waiver is expressly limited to cases in which the United States "has or claims a mortgage or other lien." In the instant case, at the time this action was filed defendant neither claimed nor had any mortgage or other lien on the property. Defendant claimed full title to the property pursuant to 26 U.S.C. § 7425(d)(3)(C). Defendant still continues to claim full title to the property. "Congress in § 2410 did not consent to suits against the United States where the United States claims a title interest as distinguished from a lien interest." *Bertie's Apple Valley Farms v. United States,* 476 F.2d 291, 292 (9th Cir. 1973). *See also Isham v. Blount,* 373 F.Supp. 1376 (E.D.Tenn.1974). Thus the court holds that

since defendant claimed full title to the property in question and had no mortgage or lien on the property, the provisions of 28 U.S.C. § 2410 were inapplicable to the instant case. Consequently, there was no waiver of defendant's immunity from suit and the state court therefore had no jurisdiction over the subject matter of this action. Since the state court had no jurisdiction over this matter, this court can have no jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio R. R.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Wamp v. Chattanooga Housing Authority,* 527 F.2d 595 (6th Cir. 1975), *cert. denied,* 425 U.S. 992, 96 S.Ct. 2203, 48 L.Ed.2d 816 (1976); *Bancohio Corp. v. Fox,* 516 F.2d 29 (6th Cir. 1975); *Isham v. Blount, supra.* Therefore, this case must be dismissed.[1] *Wamp v. Chattanooga Housing Authority, supra.*

■ Even assuming that the court had jurisdiction, however, plaintiff still would be entitled to no relief. The government redeemed the property in question pursuant to 26 U.S.C. § 7425(d). The amount to be paid upon redemption is set forth in 28 U.S.C. § 2410(d), which provides as follows:

(d) In any case in which the United States redeems real property under this section or section 7425 of the Internal Revenue Code of 1954, the amount to be paid for such property shall be the sum of—

(1) the actual amount paid by the purchaser at such sale (which, in the case of a purchaser who is the holder of the lien being foreclosed, shall include the amount of the obligation secured by such lien to the extent satisfied by reason of such sale),

1. This is not to say, however, that plaintiff could not have properly invoked the jurisdiction of this court under a different section of the United States Code. 28 U.S.C. § 2409a provides in pertinent part as follows:

(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

Since defendant in this action claims an interest in property as to which a dispute in title

exists, plaintiff could have properly invoked the jurisdiction of the court under section 2409a which waives the sovereign immunity of the United States. However, 28 U.S.C. § 1346(f) provides that the district courts "shall have exclusive original jurisdiction of civil actions under section 2409a. . . ." Since plaintiff originally filed suit in state court rather than federal court, the provisions of section 2409a are unavailable to it and cannot be used to invoke the court's jurisdiction. *See Isham v. Blount, supra.*

(2) interest on the amount paid (as determined under paragraph (1)), at 6 percent per annum from the date of such sale, and

(3) the amount (if any) equal to the excess of (A) the expenses necessarily incurred in connection with such property, over (B) the income from such property plus (to the extent such property is used by the purchaser) a reasonable rental value of such property.

A careful analysis of section 2410(d)(1) reveals that there are two methods of determining the amount to be paid by the government when the purchaser of the property is the lienor: the actual amount paid by the purchaser at the foreclosure sale or the extent of satisfaction of the secured debt, whichever is greater.

In the case sub judice, the lienor was the purchaser of the property at the foreclosure sale. Plaintiff purchased the property for $19,000.00. Its lien was in excess of $37,000.00. The record reveals that plaintiff deliberately chose to bid $19,000.00 in accordance with its usual practice in connection with sales of this nature. The record does not reveal the actual fair market value of the real estate sold, only that plaintiff "believed" the fair market value of the property to be no less than $37,500.00. The record also does not reveal the amount of satisfaction of the lien indebtedness, i. e., whether the debt of $37,000.00 was reduced by $19,000.00 or a greater amount. Under Tennessee law, there is no automatic satisfaction of an underlying debt upon foreclosure. A deficiency judgment may be obtained. See Brown v. P'Pool, 25 Tenn. App. 629, 166 S.W.2d 633 (1942). It was not until the government initiated conversations indicating that a statutory redemption was in the offing that an error or inadvertence was mentioned. Although there is an assertion in the record that error occurred, the record is devoid of any explanation as to why or how the error occurred. This is particularly significant in view of plaintiff's policy of purchasing property at its foreclosure sales at one-half the amount of the outstanding loan balance owed to it.

In short, the court finds that plaintiff has failed to carry its burden of proof, i. e., prove by a preponderance of the evidence that there was an error in its bid or that there was a satisfaction of its debt in excess of $19,000.00. See Owens v. Sun Oil Co., 482 F.2d 564 (10th Cir. 1973); United States v. Smith, 215 F.2d 217 (6th Cir. 1954); Amick v. Gooding Amusement Co., 248 F.Supp. 782 (D.S.C.1966). Absent clear and convincing proof, the countenancing of the raising of the "amount paid" on a piece of property when the government exercises its right of redemption is fraught with peril and could lead to the destruction of an effective tax collecting device. The court declines to so do.

Based on the rationale of the case of *Equity Mortgage Corp. v. Loftus,* 504 F.2d 1071 (4th Cir. 1974), and the clear intent of Congress, see S.Rep. No. 1708, 89th Cong., 2d Sess. *reprinted in* 1966 U.S. Code Cong. & Admin.News, p. 3722, the court finds that defendant validly redeemed the real property in question and succeeded to all of plaintiff's rights, title, and interest therein. Therefore, this case must be dismissed.

An appropriate order will be entered.