OPINION OF THE COURT
Richard F. Kuhnen, J.
In this foreclosure action, the plaintiff is the assignee of the mortgagee, the Citizens Savings Bank. On the sale, the mortgagor, defendant Talandis, bid in Parcel 2 of the subject property for $1,000, but thereafter assigned his bid to the plaintiff. It is not disputed that the bid price was much less than the market value of the parcel.
*299 The defendant United States of America, subsequent to the sale, but before any conveyance to the plaintiff by the Referee, William A. Lange, Jr., attempted to perfect its right to redeem the property under section 2410 of title 28 of the United States Code, based on its subordinate lien against the mortgagor for unpaid withholding taxes.
The Referee has now obtained an order to show cause why he should not be directed to convey to the United States of America, pursuant to its certificate of redemption, rather than to the plaintiff Bonan.
The defendant United States of America challenges the jurisdiction of this court to decide the issue and, in any event, insists that title passed to it under subdivision (d) of section 2410 of title 28 of the United States Code.
There is no question in the mind of the court that the United States has waived its objection to jurisdiction in this case. Section 2410 of title 28 of the United States Code specifically provides that “the United States may be named a party in any civil action or suit * * * in any State court having jurisdiction of the subject matter *** (2) to foreclose a mortgage or lien”.
The Government does not dispute that the action as brought comes within the purview of the statute, but insists that by virtue of its claim of title, not asserted on the basis of any defense raised in a pleading, but by its attempt to redeem — subsequent to the sale — this phase of the mortgage foreclosure action now transforms the action into one to quiet title, over which the State court lacks jurisdiction.
In support of its position the Government cites Fidelity Fed. Sav. & Loan Assn. v United States of Amer. (445 F Supp 683) and subdivision (f) of section 1346 and section 2409a of title 28 of the United States Code which, in substance, provide that an action “in which the United States claims an interest, other than a security interest” must be brought in the United States District Court.
The case cited does involve facts which are very similar to those presented here, except procedural. There too the bid was for less than the market value and the United *300 States filed a certificate of redemption and tendered to plaintiff the bid price plus costs, expenses and interest, which was refused. Plaintiff thereafter filed a new action in a Tennessee State court to quiet title and the case was removed to the Federal court by the Government. In dismissing the action for lack of jurisdiction, the court stated (supra, p 686): “section 2410 constitutes an express waiver of the United States’ sovereign immunity from suit. However, the waiver is expressly limited to cases in which the United States ‘has or claims a mortgage or other lien.’ In the instant case, at the time this action was filed defendant neither claimed nor had any mortgage or other lien on the property. Defendant claimed full title to the property pursuant to 26 U.S.C. § 7425 (d) (3) (C). Defendant still continues to claim full title to the property. ‘Congress in § 2410 did not consent to suits against the United States where the United States claims a title interest as distinguished from a lien interest.’ Bertie’s Apple Valley Farms v. United States, 476 F. 2d 291, 292 (9th Cir. 1973). See also Isham v. Blount, 373 F. Supp. 1376 (E.D. Tenn. 1974). Thus the court holds that since defendant claimed full title to the property in question and had no mortgage or lien on the property, the provisions of 28 U.S.C. § 2410 were inapplicable to the instant case. Consequently, there was no waiver of defendant’s immunity from suit and the state court therefore had no jurisdiction over the subject matter of this action. Since the state court had no jurisdiction over this matter, this court can have no jurisdiction.”
The decision apparently considers the deciding factor as to jurisdiction to be the nature of the action at the time it is commenced. At the time the instant action was commenced it was an action to foreclose a mortgage, not to quiet title, and the only interest the United States claimed was a lien, not title. This court therefore holds that as it had jurisdiction of the action in the first instance it has jurisdiction to dispose of all the questions ordinarily raised in a mortgage foreclosure action including the question raised by the Referee as to whom he should convey the property after sale.
In the Federal decision cited the court assumed that the filing by the United States of the certificate of redemp *301 tion automatically vested title in the Government. Apparently no question was raised there as to the timeliness of the attempted redemption or the manner in which it was attempted to be implemented.
Under the statute, subdivision (c) of section 2410 of title 28 of the United States Code, the United States had 120 days from March 13, 1980, the date of the sale, to redeem, or by July 11. This it attempted to do on July 10 by tendering to the Referee a check in the amount of $1,039.46 payable jointly to the Referee and defendant Talandis. The amount represented the bid price plus interest. On July 10, 1980, the District Director of the Internal Revenue Service caused a certificate of redemption to be recorded with the Tompkins County Clerk.
The affidavit of John A. Ward, attorney for defendant Talandis, states that on July 9 he personally informed Walter R. Krawczyk of the Internal Revenue Service that the bid had been assigned to plaintiff Charles Bonan as trustee for the mortgagee. He also states, upon information and belief, that the Referee had also informed a representative of the Internal Revenue Service of that fact in discussions between April 23, 1980, and early June, 1980. The United States has filed no affidavit in opposition to the motion and the court therefore assumes that these facts are not disputed.
Although the statute, section 2410 of title 28 of the United States Code, does not specifically state that on redemption by the United States the redemption money shall be paid to the purchaser, that is the logical intendment and counsel for the United States, in his brief, agrees that “§ 2410 allows it to redeem such property by making a tender to the purchaser, or his successor of interest of record”.
The situation presented here is unusual in that the decisions cited in the briefs which deal with such redemptions all involve consummated sales where title has already passed to the purchaser. Perhaps the term “sale” in the statute should be interpreted to mean a sale consummated by an actual conveyance.
That the assignment to plaintiff was not of record, if it should have been, is of no importance here as the Internal *302 Revenue Service was evidently aware of it. The court is of the opinion that the tender to the Referee was therefore ineffective; that this was so even if the Internal Revenue Service was unaware of the assignment as there is no evidence that the Referee was authorized to accept such a tender on behalf of Talandis nor did he have any title to or interest in the property.
However, it is not necessary to invalidate the tender here on the ground it was not made to a proper party as in the opinion of the court the amount tendered was insufficient. The amount which must be tendered by the Government is set forth in subdivision (d) of section 2410 of title 28 of the United States Code. It includes, in addition to interest and excess of expenses over any income, “(1) the actual amount paid by the purchaser at such sale (which, in the case of a purchaser who is the holder of the lien being foreclosed, shall include the amount of the obligation secured by such lien to the extent satisfied by reason of such sale)”.
The plaintiff here is “the holder of the lien being foreclosed” and is the purchaser by virtue of the assignment of the bid. As such he had the equitable title to the property and it was subject to the right of the Government to redeem it (Matter of Braico, 235 App Div 132). In his brief, counsel for the United States says: “Even if the purchaser of the property was considered now to be plaintiff, because of the assignment of bid, the actual amount paid by the purchaser at the sale would remain $1,000.00.”
Counsel concedes in his brief that “state law determines the amount to be paid by the Government upon redemption when the purchaser of the property is the foreclosing lienor”, but argues that since plaintiff can seek a deficiency judgment under New York law “the price which the Government was required to pay, $1,039.46, remains the same regardless of whether Mr. Talandis may have later assigned his rights to the property to plaintiff’.
What this reasoning disregards is that under New York law the deficiency judgment which plaintiff may obtain is limited to the amount owing (plus interest, prior liens, costs and expenses) “less the market value as determined *303 by the court or the sale price of the property whichever shall be the higher” (RPAPL 1371, subd 2).
Thus, by New York law, the “extent” of the “obligation secured by such lien” “satisfied by reason of such sale” (US Code, § 2410) depends on whether the market value of the property is greater than the bid price, as is evidently the case here. It is apparently undisputed here that the fair market value of the property is approximately $30,000.
In Equity Mtge. Corp. v Loftus (504 F2d 1071, 1075), the court pointed out that the extent to which the sale price satisfies the lien being foreclosed can only be determined by examination of the applicable State law (in that case, Virginia): “That there are these differences in state law and that therefore § 2410 (d) (1) prescribes a shifting quantum of redemption price depending upon the state in which it is applied are fully recognized in the examples to 26 C.F.R. § 400.5-1 (c) (2), the temporary regulations to the Federal Tax Lien Act of 1966, and, specifically, to subparagraph (1) (i), which is a restatement of § 2410 (d) (1).” Three examples are given: (1) where State law allows no deficiency judgment and the obligation is therefore satisfied by reason of the sale to the extent of the amount bid; (3) where State law does allow a deficiency judgment for the difference between the obligation and the amount bid, as in Virginia, in the Equity Mtge. case, and the obligation is satisfied by the sale to the extent of the amount bid; and (2) where, as in New York, a deficiency judgment is also permitted, but only for the difference between the obligation, reduced by the bid price, and also by the market value of the property, and only where the sale price is lower than market value plus the bid price. The effect of the New York statute is to discourage underbidding by the owner of the obligation in order to obtain a larger deficiency judgment.
Plaintiff’s judgment at the time of entry amounted to $111,345.65 plus interest. The sale satisfied not only to the extent of the bid price of $1,000, plus interest and expenses, but plus the fair market value of the property, which is not disputed to be approximately $30,000.
Thus, while the amount which the Government would be required to pay for redemption of the property in the first *304 and third examples given would be only the bid price, in the second example, applicable here, the amount would include also the fair market value of the property. According to the example given this would be the amount required “whether or not B (the obligee) seeks a judgment for the deficiency”.
As a practical matter, where the market value of the property is not, as here, undisputed, the District Director of the Internal Revenue Service would have no way of fixing a definite market value until it was fixed by the court in an application, if any, for a deficiency judgment. In such case, it seems to the court sufficient if he tenders the amount of the bid price and obligates the Government to pay an additional amount representing the market value when and if ascertained, on due notice.
From the above discussion the court concludes that the redemption attempted was clearly based upon an inadequate tender and was therefore ineffective. The court holds that in view thereof the money paid to the Referee by the district director be returned to him, that the certificate of redemption filed by him be canceled of record, and that the Referee execute and deliver to plaintiff a deed of Parcel 2.
The additional allowance by the Referee is granted.