**David M. CUMMINGS,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America and**
**Colonel James M. Sigler,**
**Defendants-Appellees.**

No. 80–2298
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

June 16, 1981.

---

Bracewell & Patterson, William Fred Hagans, Houston, Tex., for plaintiff-appellant.

William Cornelius, Jr., Asst. U. S. Atty., Tyler, Tex., Thomas L. Riesenberg, Edward J. Shawaker, Attys., Anthony C. Liotta, Acting Asst. Atty. Gen., U. S. Dept. of Justice, Land & Natural Resources Div., Appellate Section, Washington, D. C., for defendants-appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

Alvin B. RUBIN, Circuit Judge:

Forum shopping is an American lawyers' practice made possible by the existence of various courts of concurrent jurisdiction. Both economists and legal historians should find the practice quaint as well as inefficient. It permits litigants to exert inordinate effort for the purpose of seeking not merely a fair trial but a forum they consider more receptive to their cause, and requires courts to squander public resources in adjudicating the propriety of manipulative efforts to gain access to the forum considered most hospitable to the litigants' interests.

This suit is one clearly within the federal jurisdiction. The plaintiff sought, however, to prosecute it in a state court. The federal government defendant removed the case to federal court, where it was promptly dismissed on the basis that the federal court had exclusive original jurisdiction. While the plaintiff could, presumably, now file a new suit in federal court, he seeks instead a determination that the litigation was properly instituted in state court and then properly removed to the federal court, a forum that he originally thought less desirable. Constrained by the doctrine, logical albeit involute, that jurisdiction in a removal case is derivative and that, therefore, a removed case must be dismissed if it was improperly filed in state court even though it could have been instituted initially in the federal court to which it was removed, we affirm the judgment dismissing the suit, leaving the parties with nought for their ten months of legal skirmishing save the clearance of this case from the docket so that a new suit may be initiated.

■ While evidence is admissible in a motion to dismiss for want of jurisdiction,[1] the court considered this matter only on the pleadings. We, therefore, look only to the complaint, construing it, however, most favorably to the plaintiff and taking all allegations in the complaint as true. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).

Choosing a Texas state court of general jurisdiction, David Cummings filed suit naming the United States and Col. James M. Sigler as defendants. Mr. Cummings sought a judicial declaration that he owns a described tract of land containing 741 acres situated in Orange County, Texas; a declaration that a document that purportedly conveyed to the United States a right to deposit spoil on the property is void and unenforceable; and an injunction against Col. Sigler, whose address is given as Department of the Army, Galveston District, U. S. Corps of Engineers, and who is referred to in the complaint as a representative of the United States, enjoining him and his agents from trespassing on Cummings' property. That Sigler is sued in his official capacity is thus at least implicit, and, if more is needed to demonstrate this, it is supplied by Cummings' brief which recites that, as the U. S. Army Corps of Engineers' representative in charge of the Galveston District, Col. Sigler has authorized entry on Cummings' property for the deposit of spoil.

The United States district courts "have exclusive original jurisdiction of civil actions under [28 U.S.C. §] 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f). Section 2409a(a) permits joinder of the United States as a party defendant "in a civil action ... to adjudicate a disputed title to real property in which the United States claims an interest,"[2] 28 U.S.C. § 2409a(a), thus waiving sovereign immunity. *Prater v. United States*, 612 F.2d 157, 159 (5th Cir.), *clarified on rehearing*, 618 F.2d 263 (5th Cir. 1980); *Fulcher v. United States*, 632 F.2d 278, 282 (4th Cir. 1980) (en banc); *McClellan v. Kimball*, 623 F.2d 83, 85 (9th Cir. 1980).

■ Cummings concedes that, if the court's classification of his suit as a claim to quiet title under Section 2409a is correct, it lacked jurisdiction and, therefore, dismissal was correct for "upon removal a federal court must dismiss a case that falls within its exclusive jurisdiction if the case was first instituted in, and then removed from, a state court...." *Key v. Wise*, 629 F.2d

---

1. *See Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980); *Green v. Forney Engineering Co.*, 589 F.2d 243, 246 (5th Cir. 1979).

2. Section 2409a "does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under [28 U.S.C. §§] 1346, 1347, 1491, or 2410 ..., sections 7424, 7425, or 7426 of the Internal Revenue Code of 1954, as amended (26 U.S.C. 7424, 7425, and 7426), or section 208 of the Act of July 10, 1952 (43 U.S.C. 666)." 28 U.S.C. § 2409a(a).

1049, 1057 n.7 (5th Cir. 1980). *See Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Nor, in view of the allegations of his complaint and his own characterization of his claims in his brief to us can he dispute that at least a part of his suit seeks to adjudicate a disputed title to real property in which the United States claims an interest.

Cummings contends, however, that the claim against Col. Sigler is a separate and distinct claim, implicitly urging this court to affirm the dismissal of the other claims and remand the supposed separate claim for trial, though he does advance a tenuous argument that the claims against the United States were litigable in district court under 28 U.S.C. § 2410. Considering first the contention that the claim seeking injunctive relief against Sigler is distinct from the claims against the government, we note that Sigler was sued only in his official capacity, as an agent of the United States. An injunction against him would lie only if the United States, whom he represents, is without title to the easement. If the United States has the right to deposit spoil on the property, it would be improper to enjoin Sigler. Therefore, the claim seeking injunctive relief against Sigler cannot properly be characterized as separate and distinct from the claims advanced against the government. *Andros v. Rupp*, 433 F.2d 70 (9th Cir. 1970), relied upon by Cummings, is inapposite because that case involved a situation in which the United States neither possessed the property at issue nor claimed record title to it. Moreover, that case was decided in 1970, two years before Congress enacted 28 U.S.C. § 1346(f), the statute which provided for exclusive original jurisdiction in the federal district courts over Section 2409a claims.

The district court properly held that Section 2410 [3] was inapplicable to confer subject matter jurisdiction here because the United States does not claim a lien interest on Cummings' property. The complaint alleges that the United States claims a title interest pursuant to a recorded deed. Section 2410 does not confer subject matter jurisdiction for suits against the United States where the United States claims not a security interest but title to the property. *See, e. g., Bertie's Apple Valley Farms v. United States*, 476 F.2d 291 (9th Cir. 1973); *Mead Corp. v. United States*, 490 F.Supp. 405, 407 (D.C.D.C.1980); *Fidelity Federal Savings and Loan Ass'n v. United States*, 445 F.Supp. 683, 686 (M.D.Tenn.1978).[4]

Cummings is permitted to sue the United States only by virtue of Section 2409a. He asks the court to determine who has better title, he or the government. Under 28 U.S.C. § 1346(f), the Texas court had no jurisdiction to hear Cummings' claim. *See California v. Arizona*, 440 U.S. 59, 67–68, 99 S.Ct. 919, 924, 59 L.Ed.2d 144, 151–158 (1979).

Accordingly, we AFFIRM the judgment dismissing the action.[5] *See McClellan v. Kimball*, 623 F.2d at 84 & 86. In our

---

3. That section, which permits suits against the United States in any state or federal court, provides in pertinent part:

Under the conditions prescribed in this section and section 1444 [28 U.S.C. § 1444] of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
(1) to quiet title to,
(2) to foreclose a mortgage or other lien upon,
(3) to partition,
(4) to condemn, or
(5) of interpleader or in the nature of interpleader with respect to, real or personal property *on which the United States has or claims a mortgage or other lien.*
28 U.S.C. § 2410(a) (emphasis added).

4. The legislative history of Section 2410 contains discussion only of various United States lien or security interest claims. There is no mention of title claims. *See* S.Rep.No.1708, 89th Cong., 2d Sess. 33–35, *reprinted in* [1966] U.S.Code Cong. & Ad.News 3722, 3754–56.

5. Remand to the state court, addressed in *Isham v. Blount*, 373 F.Supp. 1376 (E.D.Tenn. 1974), is improper because that court has no jurisdiction. *See Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, 675 (1922).

judgment the appeal is not only without merit but frivolous. Therefore, we tax attorney's fees to the appellant in the amount of $1,000 in addition to costs.[6]

Accordingly, the judgment is AFFIRMED.

---

6. Fed.R.App.P. 38; 28 U.S.C. § 1912. *See Burke v. Miller,* 639 F.2d 306 (5th Cir. 1981) (awarding double costs under Fed.R.App.P. 38); *Watson v. Callon Petroleum Co.,* 632 F.2d 646 (5th Cir. 1980) (awarding double costs and delay damages but restraining initial inclination to award attorney's fees also). *Cf. TMT Trailer Ferry, Inc. v. Langbein,* 577 F.2d 1296, 1304 (5th Cir. 1978) (case in which attorney's fees were assessed for reasons other than the frivolous nature of the appeal, but stating general principle that appellate court is fully capable of setting the amount of attorney's fees); *A. L.* *McAlister Trucking co. v. BHY Trucking Inc.,* 642 F.2d 1000 (5th Cir. 1981) (same). *See also United States v. Rayco, Inc.,* 616 F.2d 462, 464 (10th Cir. 1980) (appellate court assesses a specific amount of attorney's fees due to frivolous appeal); *Overmyer v. Fidelity and Deposit Co. of Maryland,* 554 F.2d 539, 543 (2d Cir. 1977) (same); *Teledyne Industries, Inc. v. Podell,* 546 F.2d 495 (2d Cir. 1976) (same). *See generally* 9 Moore's Federal Practice ¶ 238.02 (2d ed. 1980); *16 C. Wright, A. Miller, E. Cooper & E. Gressman,* Federal Practice and Procedure: Jurisdiction § 3984 (1977).