**S.E. FELKEL, a/k/a Saint Elmo Felkel, individually and as alter ego-nominee agent of Angel Oak Corp. and Shonley Realty Co., Plaintiff,**

v.

**UNITED STATES of America and City of Charleston, a Municipal Corporation, Defendants.**

Civ. A. No. 2:92–3433–18.

United States District Court,
D. South Carolina,
Charleston Division.

May 5, 1994.

Edward J. Dennis, IV, Goose Creek, SC, for plaintiff.

Jon D. Pifer, Washington, DC, Robert H. Hood, Charleston, SC, Dixon F. Pearce, II, Charleston, SC, for defendants.

## ORDER

NORTON, District Judge.

This case is before the court upon the Motions to Dismiss of Defendants United States of America (United States) and City of Charleston (City). The United States contends that dismissal is appropriate because subject matter jurisdiction is lacking and because the allegations of Plaintiff's complaint, as amended, fail to establish a waiver of sovereign immunity. The City asserts that the complaint, as amended, fails to state a claim. For the reasons discussed below, the court grants such motions.

## I. STATEMENT OF FACTS

This action was commenced on December 3, 1992 with the filing of a complaint by *pro se* Plaintiff S.E. Felkel (Felkel). After serving an answer raising the defenses of sovereign immunity, lack of subject matter jurisdiction, and failure to state a claim, the United States moved immediately for judgment of dismissal based upon the pleadings. The City also moved for dismissal, and the motions were referred to a United States Magistrate Judge. After granting Plaintiff's several requests for extensions of time in which to respond to the motions, the Magistrate Judge recommended dismissal on September 7, 1993. However, primarily because Plaintiff was proceeding *pro se* until August 20, 1993, this court denied the motions, without prejudice, by order dated January 20, 1994. The court directed Plaintiff to re-draft and re-file his complaint by March 18, 1994, and

to specifically allege a basis for subject matter jurisdiction and a waiver of sovereign immunity. Felkel, through his counsel, filed a 48-paragraph amended complaint on March 18, 1994. The United States and the City thereafter filed the instant motions, renewing their requests for dismissal.

The facts alleged in the amended complaint are taken as true for purposes of the instant motions to dismiss. The allegations center around the seizure of certain real property on September 7, 1990 by the IRS for nonpayment of Felkel's tax liability and the subsequent sale of such property by the IRS to the City.

Felkel had outstanding income tax liabilities for the years 1968 through 1973, and notices of tax liens for such liabilities were recorded against Felkel in 1979.[1] On July 18, 1980, the United States obtained a judgment against Felkel in this Court for the delinquent tax liabilities, in Civil Action No. 79–2402–1. (Amended Compl. ¶ 6, 7.) On September 7, 1990, the IRS seized by administrative levy certain real property located in Charleston County, South Carolina, for the purpose of satisfying Felkel's unpaid tax liability.[2] The property was scheduled for sale, and was sold through a sealed bid auction to the City on December 4, 1990.[3] The City received a deed to the property on June 10, 1991, which was recorded in Charleston County, on June 13, 1991.[4] Felkel further alleges that in 1986, he had pledged the property as security for certain mortgages. (Amended Compl. ¶ 12.)

According to Felkel, the tax liens and the IRS' judgment against him were expired and unenforceable; procedural errors occurred at the sale; and the City failed to accept his attempt on July 2, 1991 to redeem his prop-

---

1. See Amended Complaint ¶ 5; see also 26 U.S.C. § 6321 (a tax lien arises and attaches to all property and rights to property of a delinquent taxpayer).

2. See Amended Complaint ¶ 15; see also 26 U.S.C. § 6331 (IRS authorized to collect delinquent taxes by seizure of any property and rights to property of taxpayer, or seizure of property encumbered by tax lien).

3. See original Complaint filed December 3, 1992, ¶ I; see also 26 U.S.C. § 6335 (IRS authorized to sell property seized for non-payment of taxes).

4. See original Complaint ¶ VIII; see also 26 U.S.C. §§ 6335(e)(1)(B), 6338(b).

erty.[5] As relief, Felkel demands a series of declaratory orders, an award of damages, and a judgment returning both the purchase price and the property to Felkel.[6]

The bases for jurisdiction and a waiver of sovereign immunity cited by Felkel are as follows: 28 U.S.C. §§ 1340, 1346(a), 1346(b), 2410; 26 U.S.C. § 7433; and 5 U.S.C. § 702, and the Due Process clause of the United States Constitution. (Amended Compl. ¶ I). It is clear that none of the referenced statutory authority is applicable, that subject matter jurisdiction is lacking, and that sovereign immunity has not been waived.

## II. CONCLUSIONS OF LAW

■ An analysis of the motion of the United States must begin from the following general precepts. The United States may be sued only with its consent, and any waiver of sovereign immunity must be strictly construed in favor of the United States. *United States Dep't of Energy v. Ohio*, — U.S. ——, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992); *Shoulders v. U.S.D.A.*, 878 F.2d 141, 143 (4th Cir.1989). Plaintiff bears the burden to show that federal subject matter jurisdiction is present. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935).

Further, the Declaratory Judgment Act, 28 U.S.C. § 2201, removes subject matter jurisdiction with respect to suits to "declare the rights and other legal relations of any interested party" with respect to federal taxes, and the Anti–Injunction Act, 26 U.S.C. § 7421, precludes suits "for the purpose of restraining the assessment or collection of any tax." These two statutory provisions have been held to reflect congressional intent to require taxpayers to litigate tax controversies either in Tax Court, *see* 26 U.S.C. § 6213(a), or to "pay first, litigate later" through a suit for a tax refund, *see* 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422, whenever disputes arise regarding the payment of taxes. *Flora v. United States*, 362 U.S. 145, 164, 80 S.Ct. 630, 640, 4 L.Ed.2d 623 (1960); *Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974). Thus, dismissal should be ordered unless Plaintiff can properly show a waiver of sovereign immunity and a basis for jurisdiction.

### A. Sections 2410 and 1340 are Inapplicable

■ Contrary to Felkel's assertions, this action cannot be construed as a quiet title suit for which the United States has waived its sovereign immunity under Section 2410(a)(1) of Title 28, United States Code.

The "Quiet Title Act" is a waiver of sovereign immunity for certain types of actions commenced with respect to property "on which the United States has or claims a lien or mortgage." Federal law recognizes that in certain instances where taxpayers seek to challenge the "procedural" validity of a fed-

---

**5.** See Amended Complaint ¶¶ 8, 34, 17–30. In a report and recommendation dated September 7, 1990, United States Magistrate Judge Carr recognized that Felkel's alleged attempt to redeem the property from the City on July 2, 1991 pursuant to 26 U.S.C. § 6337 occurred more than 180 days after the date of sale (December 4, 1990), and was therefore untimely under § 6337(b)(1). See *Report and Recommendation*, p. 8. The court notes that nothing in the amended complaint requires a revision or rejection of this conclusion and finds that Felkel's allegation that the City refused his redemption, even if true, fails to state a claim upon which relief can be granted.

**6.** The following relief is demanded in the conclusion of the amended complaint:

1. A determination that the sale of the subject property was conducted in violation of law and that the same is therefore void;

2. An Order that the subject property be returned to his possession, subject to any valid liens of the IRS;

3. A determination incident to the above as to the relative priorities of the liens on the property;

4. A determination incident to the above as to the enforceability of the prior judgment and underlying claims by the IRS;

5. A determination that his redemption rights were violated;

6. An order that the IRS return to him all proceeds from the illegal sale;

7. An order, in the alternative, that the IRS immediately credit his account with the proceeds of the sale so that he may either claim a refund or pursue his other administrative remedies;

8. An award of damages for the intentional violation of his rights.

eral tax lien or sale, the taxpayer may commence a suit to quiet title. *See, e.g., Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935, 937 (3d Cir.1976); *Elias v. Connett,* 908 F.2d 521 (9th Cir.1990); *Stoecklin v. United States,* 943 F.2d 42 (11th Cir.1991). Notwithstanding Felkel's assertions that the seizure and sale of his property for delinquent taxes was procedurally improper, his action must fail.

The Fourth Circuit has held that a necessary prerequisite to a quiet title action under Section 2410(a)(1) is plaintiff's title, possession, or constructive possession, with respect to the subject property. *Kasdon v. United States,* 707 F.2d 820 (4th Cir.1983); affirming *Kasdon v. Zierden Landscaping Inc.,* 541 F.Supp. 991 (D.Md.1982). It is patent from the allegations of the amended complaint that Felkel did not have possession, constructive possession, nor title to the subject property as of the commencement of this action in December of 1992. The property was sold to the City on December 4, 1990, and the deed conveying the property to the City was recorded on June 13, 1991.[7]

Further, since the property was sold two years before the filing of this action the United States no longer has nor claims a lien on the property, as required by the plain language of Section 2410. The majority of courts have held that a suit to quiet title will not lie where the subject property has already been sold. *See Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992) ("[W]hile a taxpayer may contest the procedural validity of a tax lien under § 2410, he may do so only if, at the time the [§ 2410] action is commenced, the Government still claims a lien or a mortgage on the property. If the Government has sold the property prior to the filing of the [§ 2410] suit, and no longer claims any interest in the property,

§ 2410 does not apply"); *Elias v. Connett, supra* at 527 (9th Cir.1990), *citing Bank of Hemet v. United States,* 643 F.2d 661, 664 (9th Cir.1981); *Bertie's Apple Valley Farms v. United States,* 476 F.2d 291, 292 (9th Cir.1973); *Murray v. United States,* 520 F.Supp. 1207, 1210 (D.N.D.1981) (no jurisdiction to entertain quiet title action where the IRS allegedly failed to honor redemption because the United States had sold the property and no longer claimed an interest therein), *aff'd,* 686 F.2d 1320 (8th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *see also Kulawy v. United States,* 917 F.2d 729, 733–734 (2d Cir.1990) (Section 2410 applicable, even though property had been sold, because Government still had lien on property at time suit was commenced); *Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935, 937 (3d Cir.1976) (at the time of commencement of proceedings, title remained in plaintiff's name); *cf. Cummings v. United States,* 648 F.2d 289, 292 (5th Cir.1981) (United States must specifically claim a lien interest, not title or other interest, for Section 2410 to apply). It is undisputed that the property at issue in this action was sold long before Felkel commenced this suit: thus the United States neither has, nor claims, any interest in such property and Section 2410 is inapplicable.

■ Further, Felkel has not established that sovereign immunity has been waived for the various forms of declaratory relief he demands. Section 2410 does not authorize, and Plaintiff cites no other relevant authority, for this Court's issuance of a declaratory and injunctive relief establishing the priorities of the tax liens against him *vis-a-vis* other alleged interests therein, directing the IRS to turn over the sales proceeds, awarding damages, or directing the IRS to credit Felkel's tax account.[8] These matters cer-

---

7. Moreover, Plaintiff has never specifically held record "title" to the property, although the property belonged to him. See original Complaint ¶¶ I, VI. The property in question was allegedly titled to "Angel Oak Corporation" in 1986. Amended Compliant ¶ 6. In 1987, title was transferred to "Shonley Realty Company." *Id.* ¶ 14. On September 7, 1990, the property was seized by the IRS for payment of Felkel's tax liability on the grounds that Shonley Realty Company was Felkel's alter-ego, nominee and/or agent. *Id.* ¶¶ 15–16. Plaintiff commenced this

action as "S.E. Felkel, a/k/a Saint Elmo Felkel, individually and as alter-ego nominee agent of Angel Oak Corporation and Shonley Realty Company" and has always maintained that the property belonged to him.

8. Notably, Felkel has never alleged that the IRS has not already applied the amounts collected through the sale to his taxes; nor has the IRS contended in this case that the amounts should be applied otherwise.

tainly fall outside of the scope of relief traditionally available through a Section 2410 quiet title suit. *See generally Kasdon,* 541 F.Supp. at 995 (discussing definition of quiet title action and remedies available).

■ Felkel also appears to request an order declaring the judgment and liens against him as unenforceable and/or expired, and has previously argued, on brief, that his tax liability was zero at the time of the seizure. The amended complaint does not set forth the grounds upon which Felkel bases the allegation that the liens and judgment are expired, and the Court declines to speculate on one.[9] Moreover, a determination of the amount of Felkel's tax liability is not permissible in a quiet title suit under Section 2410. *See, e.g., Cooper Agency, Inc. v. McLeod,* 235 F.Supp. 276, 284 (E.D.S.C.1964), *aff'd* 348 F.2d 919 (4th Cir.1965); *see also Hughes v. United States, supra* at 538; *Robinson v. United States,* 920 F.2d 1157, 1161 (3d Cir. 1990); *cf. McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir.1991) (taxpayer cannot challenge the "merits of the assessment" or the "liability for the amount, if any, of tax due" under § 2410).

In sum, Section 2410 does not waive sovereign immunity for Felkel's cause of action, nor does it authorize the granting of the relief demanded.

### B. Applicability of Other Federal Statutes

The additional statutory and constitutional authority presently advanced by Felkel in the amended complaint does not substantiate this action, as discussed below.

Section 1346(a)(1), Title 28, United States Code, accords jurisdiction in suits for refund under Section 7422 of the Internal Revenue Code (26 U.S.C.). An essential prerequisite to a refund suit is the full payment of the tax liability, and the filing of a claim for refund with the IRS within three years of the date the tax return was due, or within two years

of the date the liability was paid. *Flora,* 362 U.S. 145, 80 S.Ct. 630; 26 U.S.C. § 6511. The amended complaint does not allege these elements, and hence does not establish jurisdiction under Section 1346(a) for this action.[10]

■ Section 1346(b) is a grant of subject matter jurisdiction for "claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." This section provides for actions against the United States under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq. See Rayonier Inc. v. United States,* 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). Neither the Federal Torts Claims Act nor. Section 1346(b) applies to "any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). As the claims in this case arise from the collection of Plaintiff's liability and seizure of his property by the IRS, jurisdiction cannot be found under Section 1346(b).

Section 7433 of the Internal Revenue Code provides for the recovery of damages against the United States where an employee of the IRS "recklessly or intentionally disregards any provision" of the Internal Revenue Code in connection with the collection of taxes. It does not appear from the amended complaint (or the originally filed complaint) that Felkel is alleging any such intentional disregard by any IRS employees. In any event, an essential prerequisite to an action under Section 7433 is exhaustion of plaintiff's administrative remedies. 26 U.S.C. § 7433(d)(1). In particular, Felkel must have filed an administrative claim with the IRS, prior to commencing suit. 26 C.F.R. § 301.7433–1(d). The procedures for filing such a claim are set forth in Treasury Regulation (26 C.F.R.) § 301.7433–1(e). Since Felkel has not alleged an exhaustion of administrative reme-

---

9. The Court notes however, that the law is well settled that once a tax liability is reduced to judgment, both the judgment and the tax liens continue to exist independently until the amount is paid. *See, e.g., United States v. Overman,* 424 F.2d 1142, 1145–47 (9th Cir.1970); *United States v. Hodes,* 355 F.2d 746, 748–51 (2d Cir.1966);

*United States v. Martin,* 395 F.Supp. 954, 959 (S.D.N.Y.1975); *In re Jones,* 116 B.R. 810, 816 (Bankr.D.Kan.1990).

10. Plaintiff himself alleges that he "does not seek a refund of taxes collected by the IRS." Amended Complaint ¶ I.

dies, the allegations of the amended complaint fail to state a claim upon which relief can be granted under Section 7433 of the Internal Revenue Code, and the Court therefore lacks jurisdiction over such claim.

 The Constitution does not waive sovereign immunity. *Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986). Hence, Felkel's allegation that of a violation of his right to Due Process, does not establish jurisdiction for his claims.

The Administrative Procedure Act (5 U.S.C. § 702) is not a grant of jurisdiction and adds nothing further to the remedies and procedures already available to taxpayers to challenge tax liability and collection. *Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990); *cf. Huff v. United States,* 10 F.3d 1440, 1445 (9th Cir.1993) (5 U.S.C. § 702 does not broaden the scope of the waiver of sovereign immunity under 28 U.S.C. § 2410). Hence, the allegations of the amended complaint fail to establish the Court's jurisdiction or a waiver of sovereign immunity under 5 U.S.C. § 702.

### III. CONCLUSION

Neither 28 U.S.C. § 2410, nor any other statutory authority cited by Felkel, permits him to bring an action against the United States challenging the IRS seizure of his property for non-payment of taxes more than three years ago. At this time, the property has been sold, the amounts collected, and any tax liens, to the extent paid, have been released. If Felkel continues to dispute his tax liability, his remedy lies in properly filing a refund claim, and if necessary, commencing suit under 26 U.S.C. § 7422. Sovereign immunity is not waived for the instant suit and it must be dismissed.

The only allegations made by Felkel with respect to the City concern its being an "indispensable party" to the action against the United States. As the underlying action against the United States must be dismissed, the claims against the City will also be dismissed.

It is therefore

**ORDERED** that the Motions to Dismiss of the United States of America and the City of Charleston be **GRANTED.**

**AND IT IS SO ORDERED.**