61 F.3d 899
 76 A.F.T.R.2d 95-5905
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
S.E. FELKEL, a/k/a Saint Elmo Felkel, Individually and as
alter ego-nominee agent of Angel Oak Corporation
and Shonley Realty Company, Plaintiff-Appellant,
v.
UNITED STATES of America; City of Charleston, a municipal
corporation, Defendants-Appellees.
 No. 94-1750.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1995.
Decided: July 26, 1995.
 
 Edward J. Dennis, IV, Goose Creek, SC, for Appellant. Robert H. Hood, Dixon F. Pearce, II, Hood Law Firm, Charleston, SC; Loretta C. Argrett, Assistant Attorney General, J. Preston Strom, Jr., United States Attorney, Gary R. Allen, David English Carmack, John A. Nolet, Tax Division, United States Department of Justice, Washington, DC, for Appellees.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Saint Elmo Felkel filed an amended complaint against the United States Internal Revenue Service and the City of Charleston, South Carolina, to set aside a tax sale of Felkel's property, or, in the alternative, for damages. In September 1990, the IRS seized real property owned by Felkel through his "alter ego-nominee agent" for Felkel's nonpayment of taxes and, through sealed bids, sold it to the City of Charleston in December 1990. The IRS applied the proceeds against Felkel's tax liability. In this action, filed two years later, Felkel seeks to set aside the sale, or to receive damages, because, as he contends, the IRS's judgment against him for unpaid taxes had expired and the lien was unenforceable; there were procedural errors in the sale; and the City of Charleston refused his effort in July 1991 to redeem the property. The United States filed a motion to dismiss the action based on sovereign immunity. The district court agreed, noting that if Felkel continues to dispute his tax liability, his remedy is a refund claim under 26 U.S.C. Sec. 7422.
 
 
 2
 We have reviewed the record and considered the arguments presented in the parties' briefs, and for the reasons thoroughly discussed in the district court's opinion, see Felkel v. United States, 861 F.Supp. 507 (D.S.C.1994), we affirm.
 
 AFFIRMED