**Morgan L. McCABE,
Plaintiff-Appellant,**

v.

**Donald C. ALEXANDER, Commissioner
of Internal Revenue Service, et al.,
Defendants-Appellees.**

**No. 75–2673
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Plaintiff Morgan L. McCabe appeals from the District Court's dismissal without prejudice of his suit to enjoin the sale of certain real property in satisfaction of his income tax liabilities for 1960–1963 and 1966.[1] In addition to enjoining the collection of taxes, taxpayer seeks a declaration that no taxes are due for the years in question.

Plaintiff originally sought a redetermination of income tax deficiencies assessed against him for the years 1958–1967. Confirming a settlement agreement reached between the Internal Revenue Service and McCabe, the Tax Court entered a decision on August 23, 1973, substantially lessening the amount of the deficiencies. Thereafter, the Internal Revenue made a new assessment which reflected the reduced amounts due under the settlement agreement.

However, according to plaintiff, in the interim between this second assessment and the seizure of his property for nonpayment of taxes, he received notices of adjustment abating taxes due under the original (pre-Tax Court decision) assessments.[2] Taxpayer claims that

> [t]hese abatements are in no way qualified or conditioned. Therefore, these abatements rescinded the assessment of October 15, 1973 [the second assessment], as well as those instituted prior to the Tax Court suit.

J. Thomas Cardwell, Orlando, Fla., George C. Pontikes, Chicago, Ill., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Scott P. Crampton, Asst. Atty. Gen., Leonard J. Henzke, Jr., Gilbert E. Andrews, Acting Chief, Appellate Sec., Wynette J. Hewett, Tax Div., U. S. Dept. of Justice, Washington, D. C., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for defendants-appellees.

---

1. The District Court found 1) improper venue, 2) a failure to show the necessary likelihood of prevailing on the merits, and 3) lack of equitable jurisdiction. Our opinion affirming the trial court's second ground of decision makes it unnecessary for us to reach either the first or the third ground.

2. The five notices of adjustment claimed in this suit as final abatements covered the years 1960–1963 and 1966. Each adjustment was for the exact amount of the original (pre-Tax Court decision) assessment.

The Government responds as follows:

> Pursuant to Section 6404(a) . . . the assessments entered before the Tax Court litigation . . . were abated. New assessments based upon the income tax liability agreed upon in the Tax Court action were then made. The abatement of the earlier assessments was necessary in order to give effect to the somewhat lesser liability reflected in the Tax Court decisions.

The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . ." The Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) fashioned a single exception to this otherwise clearly prohibitive language. The Court held an injunction proper only where (1) it is clear that under no circumstances could the Government ultimately prevail on the merits of its claim; and (2) equity jurisdiction otherwise exists. *Accord, Lange v. Phinney*, 5 Cir. 1975, 507 F.2d 1000. In evaluating the parties' assertions against these standards, the court must view the facts in the light most favorable to the Government. *Enochs, supra*, at 7–8, 82 S.Ct. at 1129, 8 L.Ed.2d at 296–297. *Lange, supra*, at 1003, 1006.

After examining the briefs and record, we conclude that the plaintiff has failed to meet the heavy burden of demonstrating that under no circumstances could the Government prevail. McCabe does not challenge the fact that he owed the taxes set forth in the August, 1973 Tax Court opinion. Rather, he claims that for some unrevealed reason, the Government, after having reached a settlement with the taxpayer, simply abated all of his tax liability. He seeks to portray the Service as Santa Claus rather than its more normal characterization as Scrooge. We doubt that the Government is as generous as McCabe would have us believe. Clearly, the Internal Revenue Service's explanation that it abated the earlier assessment in order to assert, in a new assessment, the lesser amount due under the Tax Court decision makes taxpayer's contention sufficiently debatable so that we cannot conclude that "under no circumstances could the Government prevail." Consequently, without intimating any view as to the ultimate resolution of the merits, we hold that the District Court properly rejected taxpayer's prayer for injunctive relief.

McCabe's claim to declaratory relief is similarly barred. The Declaratory Judgment Act, 28 U.S.C. § 2201 excepts any "case . . . with respect to Federal Taxes." In *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) the Supreme Court noted that "[t]he congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments." *Id.* at 732 n. 7, 94 S.Ct. at 2044 n. 7, 40 L.Ed.2d at 507 n. 7. The Court added that among the cases it surveyed "[t]here is no dispute . . . that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *Id.* Having found the Anti-Injunction Act applicable, we necessarily conclude that no declaratory relief is available.

The decision of the District Court dismissing plaintiff's action is affirmed.

Affirmed.