**Joe C. RAMIREZ, Plaintiff,**

v.

**M. David LOWE, Administrator of the M. David Lowe group employees profit sharing plan & trust et al., Defendants.**

**Civ. A. No. H–78–1624.**

United States District Court, S. D. Texas, Houston Division.

Aug. 15, 1979.

Albert H. Wingate, Bresenhan, Martin & Wingate, Houston, Tex., for plaintiff.

George A. Rustay, Dow, Cogburn & Friedman, Houston, Tex., for defendants.

## MEMORANDUM AND OPINION

NORMAN W. BLACK, District Judge.

On August 24, 1978, Joe C. Ramirez filed a complaint alleging his entitlement to a fifty percent (50%) nonforfeitable accrued benefit attributable to employer contributions in a profit sharing plan and trust.

The parties agree that summary judgment is appropriate at this time and each moves for such judgment.

Plaintiff entered the employ of M. David Lowe Personnel Services during 1970, and continued his employment there until mid–

May 1977. During this period, Plaintiff participated in the M. David Lowe Group Employee Profit Sharing Plan and Trust (hereinafter "Plan"). Subsequent to Plaintiff's voluntary termination of his employment, he allegedly became a principal in a competitive business enterprise located in Houston. Thereafter, Plaintiff was advised of the forfeiture of the entire balance of his account attributable to employer contributions to the Plan as of January 31, 1978, because of his entry into the competitive business. On February 1, 1977, his account amounted to $32,121.00 and during 1978 there was an increase in this amount.

Article 5.05 of the Plan provides that persons employed for at least seven (7) years are, upon termination, entitled to a nonforfeitable accrued benefit equal to fifty percent of the employer contributions to the employee's account. Plaintiff had been employed for seven years.

Section 5.09 of the Plan provides as follows:

"Notwithstanding the preceding paragraph, with respect to any Participant or former Participant who has not completed ten (10) years of service, his otherwise non–forfeitable Accrued Benefits attributable to Employer contributions may be forfeited (at the option of the Advisory Committee) under the following circumstances:

(a) . . .

(b) Enters into a business (in county where Employer has an office) competitive directly or indirectly with the Employer, either as principal, employee, officer, director, shareholder, or advisor, while a Participant or within one (1) year after termination of service with the Employer.

. . . With respect to subparagraph (b) above, a forfeiture shall occur under the Plan as of the last day of the Plan year in which the Participant commits the forbidden act specified in such subparagraph."

Plaintiff asserts that he is entitled to recover the entire balance in his account as of the date he terminated employment. He prays for judgment against Defendants for this sum, together with interest at the legal rate from the date he terminated employment, and attorney's fees and costs.

Disposition of this case is governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq. Jurisdiction is conferred upon this Court by 29 U.S.C. § 1132. A participant in a profit sharing plan such as the one adopted by M. David Lowe Personnel Services may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

ERISA sets forth minimum vesting standards for pension and profit sharing plans. 29 U.S.C. § 1053. These provisions supercede state law relating to employee benefit plans. 29 U.S.C. § 1144. A plan satisfies the requirements of ERISA if a participant's accrued benefit derived from employer contributions becomes nonforfeitable upon the occurrence of certain events, with certain exceptions not relevant here. The statute establishes three alternative vesting possibilities, one of which is to be chosen by the employer upon promulgation of the plan. Congressional committee reports on ERISA make it clear that in enacting minimum vesting standards, Congress sought to eliminate forfeiture of vested benefits due to noncompetition clauses, also known as "bad boy" clauses.

Defendants utilize the second vesting alternative, known as "stairstep vesting," which is a graduated vesting schedule pegged to number of years of service. 29 U.S.C. § 1053(a)(2)(B). ERISA sets forth a five–to–fifteen year graduated schedule. This schedule provides that an employee must have a twenty–five percent nonforfeitable interest in his accrued benefits attributable to employer contributions after five years of service, with vesting at the rate of an additional five percent per year for the next five years, and vesting at an additional ten percent per year for the five years thereafter.

Defendants' Plan provides for a more generous vesting schedule than required by ERISA and, in this regard, is unquestiona-

bly in compliance with minimum vesting standards mandated by the statute. While ERISA requires that an employee have a thirty–five percent nonforfeitable vested right to employer contributions after seven years of service, the Plan provides Plaintiff with a fifty percent right.

The Treasury Regulations state that where a plan provides for a more generous vesting schedule than required by ERISA, "to the extent that rights are not required to be nonforfeitable to satisfy the minimum vesting standards . . . they may be forfeited without regard to the limitation of forfeitability required by this section." Treas. Reg. § 1.411(a)–4(a), 42 Fed.Reg. 42,326 (Aug. 23, 1977). In *Fremont v. McGraw–Edison Co.*, the Court relied upon the Treasury Regulation in its determination that a "bad boy" clause could be enforced to effect a forfeiture of plan benefits that exceeded the ERISA minimum vested amount. 460 F.Supp. 599, 603 (N.D. Ill. 1978).

Under ERISA's minimum vesting requirements, thirty–five percent (35%) of Plaintiff's benefits have vested. The "bad boy" provision, insofar as it requires forfeiture of benefits in excess of the vested minimum required pursuant to ERISA, is valid.

Defendants argue that since the first alternative under Section 1053, known as "cliff vesting," does not require vesting until completion of ten years of service, any rights given during this ten–year period are forfeitable. This would be accurate had Defendants established a plan that utilized cliff vesting. Cliff vesting provides that an employee with at least ten years of service must have a one hundred percent nonforfeitable right to his accrued benefits derived from employee contributions. 29 U.S.C. § 1053(a)(2)(A). Under the Plan before this Court, Plaintiff only would have been entitled to an eighty percent accrued benefit at the end of ten years. Therefore, Defendants cannot validate a forfeiture of *all* Plaintiff's benefits by reference to the "cliff vesting" schedule.

The Plan provides that the trustees have the option to withhold a nonforfeitable vested benefit and distribute it at a future date. Both parties acknowledge this fact; therefore, Plaintiff is not entitled to a money judgment at this time.

Accordingly, the Court declares that Defendant cannot divest Plaintiff of the thirty–five percent of his accrued benefits attributable to employer contributions as of the date he terminated his employment.

ERISA provides that attorney's fees and costs may be awarded to either party in an action by a beneficiary, participant or fiduciary. 29 U.S.C. § 1132(g). The Court deems it inappropriate to award fees and costs in the present action and hereby denies Plaintiff's prayer for same. The Court further denies Plaintiff's prayer for interest.