**Frank M. BURKE, Jr., Plaintiff,**

v.

**W. Michael BLUMENTHAL, Secretary of the Treasury, and Jerome Kurtz, Commissioner, Internal Revenue Service, Defendants.**

**Civ. A. No. 3–79–0685–H.**

United States District Court,
N. D. Texas,
Dallas Division.

March 26, 1980.

---

Buford P. Berry, Thompson & Knight, Dallas, Tex., for plaintiff.

William W. Guild, Tax Div., Dept. of Justice, Stafford Hutchinson, Asst. U. S. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION

SANDERS, District Judge.

The case is before the Court on Defendants' Motion to Dismiss, filed July 30, 1979. The parties have extensively and competently briefed the issues raised in the motion to dismiss, and presented oral argument to the Court on November 21, 1979.

The case will be dismissed because the Court lacks subject matter jurisdiction under the Anti-Injunction Act and Declaratory Judgments Act.

The facts viewed most favorably to Plaintiff are these. In 1973, Plaintiff, Frank M. Burke, acquired 100% of the surface and 50% of the mineral rights in two contiguous tracts of land located in Smith County, Texas. Both of these tracts were later leased to oil companies for oil and gas production. In 1977 Plaintiff acquired an additional tract of land which is adjacent to the first and second tracts. Plaintiff agreed to pay more per acre for this third tract than he paid for the acreage in the first and second tracts, partly because he was able to acquire 100% of the minerals under the third tract. Plaintiff planned to recover a portion of his increased investment in the third tract by entering into an oil and gas lease.

After acquiring the third tract Plaintiff contacted the two oil companies that had leased the first two tracts, anticipating leasing to them the third tract. These oil companies advised Plaintiff they did not intend to drill upon the first and second tracts, but planned to farm-out such tracts to another oil and gas operator for drilling. The companies are not interested in leasing the minerals under the third tract, and both have suggested that the tract should be leased and developed through a farm-out arrangement.

A farm-out is a common transaction involving oil and gas properties. Generally speaking, a farm-out involves an assignment of, or agreement to assign, leasehold acreage (by the farmor) in exchange for an obligation to drill (by the farmee). The Court notes that Revenue Ruling 77–176, in question here, addressed a more specific farm-out arrangement.

Prior to April 27, 1977, it was apparently settled that a farm-out was not a taxable transaction and did not result in gain (under Internal Revenue Code section 1001) or taxable income (under Internal Revenue Code section 61), either to the farmor or the farmee. On April 27, 1977, the Internal Revenue Service issued Revenue Ruling 77–176, 1977–1 C.B. 77 (News Release IR–1801, dated April 27, 1977). In the transaction described in 77–176 the farmor is deemed to have sold his working interest in the "outside" acreage (i. e., the acreage outside the drilling site) to the farmee for its fair market value at the date of assignment; the farmee is deemed to have received such value as ordinary gross income in the year the well is completed or the working interest is received by the farmee, whichever is earlier.

Plaintiff claims that under 77–176 both sides to the farm-out incur taxable gain— an anomalous result, to be sure.

Since acquiring the third tract Plaintiff has attempted to lease his mineral interest in it. Plaintiff says that the most feasible way to develop this tract is to lease it to an oil company which would then enter into a farm-out agreement with a driller. However, Plaintiff says prospective lessees are unwilling to lease his interest because of 77–176. Put another way, Plaintiff says that prospective lessees realize that the most feasible way to develop this third tract is through a farm-out, but that no lessee wants to incur the gain which would follow (per 77–176) upon the successful completion of a well. Thus, because of 77–176, Plaintiff has been unable to lease the third tract, is sustaining economic injury, and seeks relief through this suit.

Revenue Ruling 77–176 does not affect Plaintiff as a taxpayer; Plaintiff, as mineral owner and prospective lessor, is not taxed. Since Plaintiff is not affected as a taxpayer by 77–176, the usual avenues for challenge (of the ruling) are not available to him. So Plaintiff sues here for a declaratory judgment that 77–176 is "unconstitutional, unlawful, null and void", and for an injunction restraining Defendants from enforcing 77–176.[1]

Defendants argue this Court lacks subject matter jurisdiction because the relief which Plaintiff seeks, declaratory judgment and injunction, is barred by two statutes: the Declaratory Judgments Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, section 7421(a) of the Internal Revenue Code, 26 U.S.C. § 7421(a).

28 U.S.C. § 2201 states in pertinent part: "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any court ... may declare the rights and other legal relations of any interested party seeking such declaration, ...." (Emphasis added.)

The Anti-Injunction Act, 26 U.S.C. § 7421(a) states in pertinent part:

" ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

▮ The Supreme Court and this Circuit have recognized that the reach of these statutes is coextensive. *See Bob Jones University v. Simon*, 416 U.S. 725, 732 n. 2, 94 S.Ct. 2038, 2044 n. 2, 40 L.Ed.2d 496 (1974); *McCabe v. Alexander*, 526 F.2d 963 (5th Cir. 1976). The courts have consistently held that these statutes bar injunctive and declaratory relief, not only with respect to a plaintiff's own taxes, but also when the plaintiff seeks a declaratory judgment concerning the effect on others of the Internal Revenue Code, or of administrative action under the Code. *See, e. g., Mitchell v. Riddell*, 402 F.2d 842 (9th Cir. 1968), *appeal dismissed and cert. denied*, 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969); *Jules Hairstylists v. United States*, 268 F.Supp. 511 (D.Md.1967), *aff'd per curiam*, 389 F.2d 389 (4th Cir. 1968), *cert. denied*, 391 U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854 (1968); *Jolles Foundation v. Moysey*, 250 F.2d 166 (2nd Cir. 1957). The "federal taxes" exception to the Declaratory Judgments Act applies even to constitutional questions about the tax laws. *Commissioner v. "Americans United", Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974); *Martin v. Andrews*, 238 F.2d 552 (9th Cir. 1956). The Supreme Court interprets the Anti-Injunction Act strictly to prohibit injunctions against the tax laws, even where the result may seem harsh in a particular case. *See Bob Jones University v. Simon, supra; Commissioner v. "Americans United", Inc., supra; Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

---

**1.** Plaintiff's Complaint alleges the revenue ruling is contrary to section 61 of the Code because it erroneously interprets "gross income", and is contrary to section 1001(a) of the Code because it erroneously construes this transaction to be taxable "gain." The complaint also alleges the ruling violates article 1, § 2, cl. 3 and art. 1, § 9, cl. 4 of the Constitution which require direct taxes be apportioned by population.

The Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), recognized the one exception to the Anti-Injunction Act:

The *Enochs* test is twofold. Suits for injunctive relief can proceed if two conditions exist: (1) it is clear that under no circumstances could the government ultimately prevail on the merits of its claim; and (2) equity jurisdiction otherwise exists.

*Lange v. Phinney*, 507 F.2d 1000, 1003 (5th Cir. 1975). When applying this exception this Court must view the facts and law in the light most favorable to the Government. *Id.* at 1006. The Fifth Circuit, although recognizing the *Enochs* exception, has never used it to break through the Anti-Injunction Act bar. The cases have characterized the *Enochs* exception as "a heavy burden," *McCabe v. Alexander*, 526 F.2d at 965; "an extremely narrow exception to the rule," *Clark v. Campbell*, 501 F.2d 108, n. 56 (5th Cir. 1974) *cert. denied*, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976); "quite narrow and complainant's burden a most onerous one indeed," *Crenshaw County Private School Foundation v. Connally*, 474 F.2d 1185, 1187 *cert. denied*, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974) (5th Cir. 1973).

■ Plaintiff's challenge to 77–176 does not fit within the *Enochs* exception. Aside from the broad challenges stated in note 1 *supra*, Plaintiff argues this revenue ruling is unlawful because it changed existing law and is, therefore, an invalid and unlawful attempt by Defendants to legislate. (Plaintiff's Motion for Summary Judgment filed January 14, 1980.) The *Enochs* exception generally applies only to those cases in which plaintiff could show the "IRS flouted the express terms of the Code, or lacked any factual basis for the assessment of taxes against an individual taxpayer." *Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1, 5–6 (D.C.Cir.1979). Arguments that the

parties to a farm-out transaction are not theoretically realizing income, or that the IRS is exceeding its powers and is legislating, do not reach the level of certainty of success required by *Enochs* and the cases cited above. This Court cannot say that under no circumstances could the government prevail here. Therefore, Plaintiff fails to meet the first part of the *Enochs* test.

Plaintiff argues this Court should recognize a due process exception to the statutory bars against injunctive or declaratory relief for those cases in which the plaintiff has no other adequate remedy at law. Plaintiff argues he fits this exception since he is not a taxpayer who is paying taxes under this revenue ruling. He cannot follow the customary route to judicial remedy and file a refund action. The principal authorities supporting Plaintiff's argument are district court cases from the District of Columbia.[2] But the Court of Appeals for the District of Columbia has recently reversed this line of cases, and has expressly rejected Plaintiff's proposed due process exception in a case with facts even more favorable for a plaintiff. In *Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1 (D.C.Cir.1979), the court dismissed for lack of jurisdiction, relying on the Anti-Injunction and Declaratory Judgments Act, even though in that case there existed *no* plaintiff who could bring a test case on the revenue ruling. In the case before the Court, there are two groups of taxpayers taxed under Revenue Ruling 77–176, the farmees and the farmors; either could bring this action instead of Plaintiff Burke.

Plaintiff further argues that barring him from a legal remedy constitutes deprivation of due process. This due process argument has been rejected by other courts primarily for two reasons. First, the doctrine of sovereign immunity permits the government to give limited permission to be sued. *Mitchell v. Riddell*, 402 F.2d 842 (9th Cir. 1968).

---

2. *Inv. Annuity, Inc. v. Blumenthal*, 437 F.Supp. 1095, 442 F.Supp. 681 (D.D.C.1977), *rev'd*, (D.C.Cir.1979); *Nat'l. Rest. Assoc. v. Simon*, 411 F.Supp. 993 (D.D.C.1976). The Court can find only one other court outside the District of Columbia that has followed this line of cases. *Cal. v. Blumenthal*, 457 F.Supp. 1309 (E.D.Cal. 1978).

Second, a detrimental effect on plaintiff's business or the value of his property does not constitute a due process violation; when a plaintiff is not a taxpayer, there is no property entitlement which gives rise to due process rights. *Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1 (D.C.Cir. 1979); *International Telephone and Telegraph Corp. v. Alexander*, 396 F.Supp. 1150 (D.Del.1975).

Under the facts and the applicable law, this Court lacks jurisdiction of the subject matter of Plaintiff's complaint. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is therefore GRANTED, and this case is DISMISSED without prejudice at Plaintiff's cost.

SO ORDERED.