Joe C. RAMIREZ, Plaintiff–Appellee, Cross–Appellant,

v.

M. David LOWE, Administrator of the M. David Lowe Group employees profit sharing plan and trust, et al., Defendants–Appellants, Cross–Appellees.

No. 79–3387.

United States Court of Appeals, Fifth Circuit. Unit A

Nov. 7, 1980.

George A. Rustay, Vincent L. Marino, Houston, Tex., for defendants–appellants, cross–appellees.

Clayton A. Davis, Albert H. Wingate, Houston, Tex., for plaintiff–appellee, cross–appellant.

Before INGRAHAM, GEE and TATE, Circuit Judges.

PER CURIAM:

Affirmed on the basis of the Memorandum and Opinion of the district court, *Ramirez v. M. David Lowe, Administrator, et al.*, dated August 15, 1979, 504 F.Supp. 21 (S.D.Tex.1979).

AFFIRMED.

Frank M. BURKE, Jr., Plaintiff–Appellant,

v.

G. William MILLER, Secretary of the Treasury, et al., Defendants–Appellees.

No. 80–1558 Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit A

Jan. 23, 1981.

Thompson & Knight, James Yuill Robb, III, Buford P. Berry, Emily A. Parker, Dallas, Tex., for plaintiff–appellant.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Richard Farber, Daniel F. Ross, Attys., Tax Div., Dept. of Justice, Washington, D. C., Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., for defendants–appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The reasons the district court lacks jurisdiction are fully set forth in its lucid opinion. *Burke v. Blumenthal,* 504 F.Supp. 35 (N.D.Tex.1980). We affirm the dismissal of this case for lack of jurisdiction.

The appellants argue that it is clear the government could not ultimately prevail on the merits under any circumstances. For the reasons set forth in the government's brief, the likelihood of government success is neither foreclosed nor negligible. It is, indeed, substantial.

The ability to fill more than 36 pages with no more than legal spun sugar does not make an argument substantial. The appeal is frivolous, and we award double costs. Rule 38 F.R.A.P. Because this appears to be adequate sanction, we refrain from awarding damages.

AFFIRMED.