**Joan M. NOSKE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**James L. NOSKE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 90–5003, 90–5004.**

United States Court of Appeals, Eighth Circuit.

Submitted July 13, 1990.

Decided Aug. 13, 1990.

---

**2.** The government concedes that its objection was unfounded.

Joan M. and James L. Noske, pro se.

Gary R. Allen, Washington, D.C., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Joan M. Noske and James L. Noske, sister and brother, appeal pro se from orders entered in the District Court for the District of Minnesota sua sponte dismissing for lack of subject matter jurisdiction their respective lawsuits seeking a determination of liability for tax penalties because they had not paid all assessed penalties prior to commencing suit. For reversal, all parties argue dismissal was improper because each of the Noskes had paid to the Internal Revenue Service (IRS) monies sufficient to confer subject matter jurisdiction. For the reasons discussed below, we reverse the district court orders dismissing the Noskes' refund suits and remand the cases to the district court for further proceedings.

According to the parties' briefs, on November 26, 1985, the government obtained by default judgment a permanent injunction against the Noskes for promoting abusive tax shelters in violation of 26 U.S.C. § 6700 (Supp. II 1984).[1] During the course of that suit, the government discovered 186 allegedly proscribed business trusts. The record on appeal indicates that on December 16, 1985, the IRS sent to each of the Noskes a notice assessing a $186,000 penalty under § 6700 "for promoting an abusive tax shelter." The notices stated that the penalties were "the greater of $1,000 or 20% of the gross income derived or to be derived from the [tax shelters]." The parties agree that the $186,000 assessments were calculated by multiplying 186 trust transactions by $1,000.

Joan M. Noske paid $1,000 to the IRS, James L. Noske paid $3,000, and, on January 15, 1986, each filed an administrative claim for refund of said amounts, which they alleged were paid in total satisfaction of the penalties allowable under § 6700. On June 10, 1987, after six months of inaction by the IRS, the Noskes pro se filed the instant refund suits in federal district court, claiming (1) they did not violate § 6700; (2) the IRS violated Revenue Procedure 83–78 in failing to offer them a preliminary meeting; (3) the IRS violated their procedural due process rights in withholding for almost 18 months an IRS report substantiating a rationale for the penalty assessments; (4) the IRS was bound by its decision not to use the percentage-of-gross-income method of assessing § 6700 penalties, and the $1,000 method, which the IRS elected to use, provided for a total penalty of $1,000, rather than $1,000 per transaction. The Noskes asserted jurisdiction under 26 U.S.C. §§ 6700, 6703, 7422, 28 U.S.C. § 1346(a)(1), the Federal Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and a due process violation theory. For relief, they sought refund of the monies paid to the IRS, a determination of their actual liability, if any, under § 6700, and abatement of all penalties. The government answered, denying the Noskes' claims that their respective maximum liability was $1,000, but agreeing that, by paying divisible portions of the penalties, the Noskes had properly invoked the jurisdiction of the district court. The government also filed counterclaims for the balances of the assessments. The cases were consolidated.

---

1. This section provides in pertinent part that any person who promoted abusive tax shelters "shall pay a penalty equal to the greater of $1,000 or 20 percent of the gross income derived or to be derived by such person from such activity."

On October 17, 1988, the district court denied the Noskes' motions to dismiss the government's counterclaims or, in the alternative, for summary judgment. The district court held that the Noskes' claims that the IRS failed to follow published procedures were meritless because the IRS was under no mandate to follow such rules, *see Ward v. Commissioner*, 784 F.2d 1424, 1430–31 (9th Cir.1986) (published rule has force of law only if rule prescribes substantive rules and was promulgated pursuant to statutory authority and in conformance with procedural requirements imposed by Congress), and the APA only grants authority to review agency actions, findings or conclusions made "without observance of procedure required by law." 5 U.S.C. § 706. Relying on *Bob Jones University v. Simon*, 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974), the district court also rejected the Noskes' contentions that the IRS violated their due process rights in failing to notify them by letter of potential assessments and to hold a reassessment meeting because full administrative and judicial review was available post-assessment.

On May 15, 1989, while the Noskes' cases were pending in district court, this court held in *Gates v. United States*, 874 F.2d 584, 586–87 (8th Cir.1989) (per curiam) (*Gates*), that a § 6700 penalty is to be assessed on the basis of the greater of $1,000 or 20% of tax shelter income and that a $1,000 penalty may not be assessed on a transactional "per sale" basis. *Accord Bond v. United States*, 872 F.2d 898 (9th Cir.1989); *Spriggs v. United States*, 660 F.Supp. 789 (E.D.Va.1987), *aff'd*, 850 F.2d 690 (4th Cir.1988). On June 22, 1989, in light of *Gates*, the government notified the Noskes that it would recalculate their penalties using the percentage-of-gross-income method. In response, Joan M. Noske filed a "motion for dismissal because of mootness and for declaratory judgment regarding damages." According to the district court, she argued that because the IRS had elected to calculate the § 6700 penalty based on the $1,000 method, *Gates* limited her liability to the $1,000 she had already paid, and the government could not

change assessment theories after three years of discovery.

On August 29, 1989, the district court sua sponte dismissed the Noskes' lawsuits for lack of subject matter jurisdiction under 28 U.S.C. § 1346(a)(1). Specifically, the district court noted that the Noskes had asserted jurisdiction under 28 U.S.C. § 1346(a)(1), the APA, and a due process theory, and that the last two grounds had been rejected in its October 17, 1988, order. With regard to 28 U.S.C. § 1346(a)(1) jurisdiction, the district court reasoned that "[b]ecause section 6700 penalties are not divisible into separate transactions, [the Noskes] were required to pay the full penalty assessed before commencing this suit, i.e. $186,000." Slip op. at 3. The district court rejected the government's argument that jurisdiction was proper because *Gates* was decided after the Noskes' suits were filed, stating that "*Gates* did not change the law of this circuit. It merely was this circuit's first pronouncement as to the meaning of the penalty provisions of section 6700." *Id.* at 4. The district court denied the government's motion for reconsideration.

On November 6, 1989, the IRS notified the Noskes that (1) their prior assessments of $186,000 had not been abated and could only be challenged by paying said amounts in full prior to bringing a refund suit; (2) employing the percentage-of-gross-income method, the IRS was assessing an additional amount of $304,174 each, for a total assessment of $490,174 each; and (3) the additional assessment constituted "a new notice for purposes of paying 15% of [said] amount and bringing suit pursuant to section 6700(c) [sic] of the Internal Revenue Code only with respect to the additional assessment."

The Noskes timely filed notices of appeal. For reversal, all parties argue that the district court erred in dismissing the Noskes' lawsuits for lack of subject matter jurisdiction. The Noskes argue (1) § 6703(c)(2) allows payment of *any* portion of a § 6700 penalty in order to bring a refund action; (2) "the IRS's almost complete failure to follow any procedures, and

especially Revenue Ruling 83–78 ... is so fundamentally unfair, that in and of itself, it should have required dismissal of the IRS's counterclaim for lack of subject matter jurisdiction" (Brief for Appellant Joan M. Noske at 6); (3) each fully paid the $1,000 § 6700 penalty, thus conferring subject matter jurisdiction; and (4) to allow the IRS to reassess the penalties using the percentage-of-gross-income method, instead of the $1,000 per transaction method, would extremely prejudice them. The Noskes also assert numerous challenges to the merits of the penalty assessments. Relying on *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957) (diversity jurisdiction not impaired by later change of domicile), the government argues that because subject matter jurisdiction existed at the time the Noskes filed their refund actions, it was not ousted by this court's subsequent holding in *Gates*.

A taxpayer assessed with a § 6700 penalty may stop collection proceedings by paying at least 15% of the penalty and filing an agency claim for refund of the amount paid. 26 U.S.C. § 6703(c)(1). Within 30 days after the denial of the claim for refund "of any partial payment of any penalty under section 6700," or within 30 days after six months of agency inaction, the taxpayer may bring a lawsuit in federal district court to determine liability for the penalty. 26 U.S.C. § 6703(c)(2). In *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (*Flora*), the Supreme Court held that full payment of a tax assessment is required prior to bringing suit in federal court; however, assessments, such as excise taxes, which are "divisible" into a tax on each transaction or event, may be challenged in federal district court by paying only one division. 362 U.S. at 171 n. 37, 175 n. 38, 80 S.Ct. at 644 n. 37, 646 n. 38. Prior to *Gates*, the IRS interpreted § 6700 as authorizing penalties amounting to $1,000 per sale or transaction, that is, as "divisible," and, thus, as an exception to the *Flora* full-payment rule.

■ As a preliminary matter, we reject the Noskes' argument that the reference in § 6703(c)(2) to "any partial payment of any penalty" literally means *any* sum, even if less than 15%. *See Reiss v. IRS*, 805 F.2d 1036 (6th Cir.1986) (table) (§ 6703(c)(2) permits a taxpayer who has paid 15% of penalty to bring suit in federal district court for determination of liability); *Dalton v. United States*, 800 F.2d 1316, 1318–19 (4th Cir. 1986) (30–day requirement of § 6703(c)(2) limits a taxpayer's right to seek judicial review by paying only 15% of penalty), *cert. denied*, 481 U.S. 1024, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987).[2]

■ We need not reach the government's argument that, like diversity jurisdiction, subject matter jurisdiction over a refund action is determined at the time an action is filed, *see Hutchinson v. United States*, 677 F.2d 1322, 1326 n. 3 (9th Cir. 1982), and, once vested, cannot be ousted by subsequent events, because we conclude that the *Gates* non-divisibility holding should not be applied retroactively to divest the district court of subject matter jurisdiction.

In *Gates* the IRS established the taxpayer participated in 69 abusive tax shelters. Under § 6700 the IRS assessed a penalty of $1,000 per sale, for a total penalty of $69,000. The taxpayer paid 15% of the assessed penalty and then filed suit in federal district court, challenging liability as well as the method of assessment. In its appellate brief, the government asserted that, although it had challenged jurisdiction in the district court on the ground that the taxpayer had not brought suit within the time specified in § 6703(c)(2), it was satisfied that jurisdiction was proper under *Flora* because the taxpayer had paid more

---

**2.** After *Gates v. United States*, 874 F.2d 584 (8th Cir.1989) (per curiam), taxpayers like the Noskes who have been assessed a § 6700 penalty must pay 15% of the full amount of the penalty assessed before they can stop collection proceedings, file an administrative claim and file a refund suit. In the present case neither Joan M. Noske nor James L. Noske has paid either 15% of the initial penalty assessment (15% of $186,000 = $27,900) or the reassessment (15% of $490,174 = $73,526.10) necessary to invoke jurisdiction under this exception.

than the full amount (that is, $1,000) of one of the 69 divisible penalties. Brief for Appellee at vii n. 3. This court affirmed the district court's determination of liability and, after holding the § 6700 penalty was non-divisible, reversed as to the method of assessment. 874 F.2d at 586–88. The court did not expressly address the issue of subject matter jurisdiction and remanded the case to the district court for further proceedings. Thus, the court in *Gates* did not apply its non-divisibility holding retroactively to divest the district court of subject matter jurisdiction, and we decline to do so here.

We hold the *Gates* non-divisibility holding should be applied prospectively only, that is, to cases filed after *Gates* was decided. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (decision holding unconstitutional a statute granting judicial power to non-Article III bankruptcy judges to apply prospectively only); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 108 n. 10, 92 S.Ct. 349, 356 n. 10, 30 L.Ed.2d 296 (1971) (interpreting prior Supreme Court case as giving nonretroactive application to state statute of limitations and retroactive application to all state substantive remedies).

The Noskes' challenges to their liability for the penalty assessments and reassessments present numerous legal and factual issues which should be addressed in the first instance by the district court. We express no opinion on the merits of their arguments.

Accordingly, the district court orders dismissing the Noskes' refund suits for lack of jurisdiction are reversed and the cases are remanded to the district court for further proceedings. The Noskes' motions to supplement the record on appeal with respect to the IRS's reassessments of penalties using the percentage-of-gross-income method are dismissed without prejudice. The Noskes may raise these matters in the district court.