**Frieda KOROBKIN; Leonard Korobkin; Leonard Korobkin Professional Corporation, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 91–56243.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1993.

Decided March 12, 1993.

---

John M. Youngquist, Titchell, Maltzman, Mark, Bass, Ohleyer & Mishel, San Francisco, CA, for plaintiffs-appellants Frieda Korobkin, Leonard Korobkin and Leonard Korobkin Professional Corp.

Edward DuMont, Asst. to the Sol. Gen., James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, Paula K. Speck, Washington, DC, for defendant-appellee U.S.

Before: BROWNING, HUG and KOZINSKI, Circuit Judges.

PER CURIAM:

The Korobkins were allegedly involved in several abusive tax shelter transactions, and were assessed over $300,000 in penalties under I.R.C. § 6700. People who disagree with a penalty assessment can contest it by (1) paying 15% of the assessment and filing an administrative refund claim within 30 days of notice of the penalty, (2) waiting until the IRS denies the claim or until 6 months elapse (whichever is earlier), and (3) filing suit in district court within 30 days after that. I.R.C. §§ 6703(c)(1)–(2). The Korobkins did steps (1) and (2), but waited too long on (3). The district court dismissed their claim, because once a plaintiff misses the six–month–plus–30–day deadline, the district court lacks jurisdiction over the refund suit unless the taxpayer pays the entire penalty first. *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960); *Steele v. United States*, 280 F.2d 89 (8th Cir.1960) (acknowledging the rule's applicability to penalty assessments).

There's a narrow exception to this jurisdictional rule for "divisible" assessments—taxes or penalties that are seen as merely the sum of several independent assessments triggered by separate transactions. In such cases, the taxpayer may pay the full amount on one transaction, sue for a refund for that transaction, and have the outcome of this suit determine his liability for all the other, similar transactions. The paradigm is excise taxes: If you're assessed $100 for each of a thousand widgets, you can pay $100—the whole tax on one of the widgets—and then go to court. *Flora*, 362 U.S. at 171 n. 37, 176 n. 38, 80 S.Ct. at 644, n. 37, 646, n. 38. Likewise, payroll taxes can also be divisible, because they're assessed separately for each employee. *See Boynton v. United States*, 566 F.2d 50, 52–53 (9th Cir.1977).

The Korobkins claim the I.R.C. § 6700 assessments, which arose out of several different tax shelter transactions, are divi-

sible. At the time of their conduct, they point out, section 6700 prohibited certain transactions (such as sales of interests in abusive tax shelters) and demanded "a penalty equal to the greater of $1,000 or 20 percent of the gross income ... from *such activity*." I.R.C. § 6700(a)(2)(B) (emphasis added).[1] Because "such activity" is singular rather than plural, they argue, it must refer to each transaction. Therefore, the argument goes, the total assessment under section 6700 is only a divisible sum of several smaller assessments, one for each separate transaction.

We must, however, reject this contention. Under the pre–1990 Section 6700, penalties weren't assessed on each individual transaction, like excise and payroll taxes are—they were assessed based on the aggregate of a person's abusive tax shelter sales during the year. *Bond v. United States*, 872 F.2d 898, 899–901 (9th Cir.1989), held as much when it concluded that the $1000 minimum penalty in section 6700 was a yearly minimum, not a per-transaction minimum. Under *Bond*, a section 6700 penalty had to be determined by taking the total volume of forbidden transactions, multiplying by 20%, and then increasing the total to $1000 if it's less than that. Liability calculated based on total yearly volume is the hallmark of a nondivisible assessment. Pre–1990 section 6700 penalties are therefore nondivisible and do not fit within the narrow exception to the *Flora* rule. *Accord Noske v. United States*, 911 F.2d 133, 137 (8th Cir.1990).

AFFIRMED.[2]

---

**1.** Section 6700 has since been changed (effective 1990).

**2.** We also affirm the district court's refusal to file the Korobkins' amended complaint; even with the amendments, the jurisdictional defect would have remained.