998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joan NOSKE, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
James L. NOSKE, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-2761.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 9, 1993.
Filed: July 15, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joan and James Noske appeal from the district court's[1] order granting the United States summary judgment on their claims for unauthorized disclosure of tax return information and for engaging in illegal tax collection activities. We affirm.
 
 
 2
 Joan and James Noske, brother and sister, have been engaged in litigation with the IRS since at least 1985 concerning their promotion of allegedly abusive tax shelters. See Noske v. United States, 911 F.2d 133, 134 (8th Cir. 1990). In this action, the Noskes asserted a claim under 26 U.S.C. § 7431(a)(1), which allows taxpayers to bring a damages claim against the United States "[i]f any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103." The Noskes alleged that IRS revenue officer Alfred Cleland violated 26 U.S.C. § 6103(a) by making unauthorized and false disclosures of their return information during his testimony in Xemas, Inc. v. United States, 689 F. Supp. 917 (D. Minn. 1988), aff'd, 889 F.2d 1091 (8th Cir. 1989) (table), cert. denied, 494 U.S. 1027 (1990). Additionally, the Noskes claimed that publication of the district court's findings in Xemas constituted an unauthorized disclosure, that the IRS violated section 6103 by providing a copy of the opinion to the St. Cloud Times newspaper, and that Cleland made other unauthorized disclosures after the trial.
 
 
 3
 The Noskes also asserted a claim under 26 U.S.C. § 7433(a), which provides taxpayers with the right to bring an action for damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any ... employee of the [IRS] recklessly or intentionally disregards any provision of this title." The primary basis for this claim was that the IRS had illegally assessed a $186,000 penalty against the Noskes in 1985 for their promotion of abusive tax shelters under 26 U.S.C. § 6700(a), which Cleland had attempted to collect. The IRS assessed the penalty on a per transaction theory under which it imposed a fine of $1000 for each sale of an allegedly abusive tax shelter. This court held that section 6700(a) did not authorize such a penalty in Gates v. United States, 874 F.2d 584, 586-87 (8th Cir. 1989) (per curiam). Additionally, the Noskes alleged that Cleland violated section 6703(c) by continuing his collection activities after the Noskes had paid a portion of the penalty and commenced a refund action. Section 6703(c) authorizes a taxpayer to file a refund action in district court upon payment of 15% of the section 6700 penalty, and prohibits a "levy or proceeding in court for the collection of the remainder of such penalty ... until the final resolution of [that] proceeding."
 
 
 4
 The district court granted the government's motion for summary judgment. The court determined that Cleland's testimony in Xemas was authorized by section 6103(h)(4)(C) and that the Noskes had failed to produce evidence to support their claim that Cleland knowingly gave false testimony. The court also ruled that neither publication of the Xemas opinion nor release of that opinion to the newspaper violated the statute. The court further held that the Noskes had not produced any evidence to support their claims regarding other alleged disclosures. Additionally, the court rejected the section 7433(a) claim. The court observed that the statute applied only to actions taken after November 10, 1988, and most of the allegedly illegal collection activities occurred before that date. The court concluded that the IRS did not violate section 6703 by commencing collection activities after the Noskes' refund action was dismissed for lack of jurisdiction and before the dismissal was reversed because, upon dismissal by the district court, there was no prohibition on collection activities in effect.
 
 
 5
 On appeal, the Noskes argue that the district court erred by: (1) prematurely granting summary judgment on their claims; (2) failing to address a number of their allegations; and (3) striking their jury trial demand.
 
 
 6
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). The district court correctly granted summary judgment on the wrongful disclosure claim because Cleland's testimony in Xemas and his post-trial declaration were authorized under section 6103(h)(4)(C). See First W. Gov't Sec. v. United States, 796 F.2d 356, 360-61 (10th Cir. 1986). We agree with the district court that the Noskes failed to produce sufficient evidence in response to the government's motion to create a genuine issue of fact on their claim that Cleland's testimony and his post-trial declaration were substantially false. The district court correctly determined that publication of the Xemas opinion and release of it to the newspaper did not violate section 7431(a). See Thomas v. United States, 890 F.2d 18, 21 (7th Cir. 1989). Similarly, the Noskes failed to produce sufficient evidence to establish a material factual dispute on their allegation that Cleland illegally disclosed their return information outside the Xemas litigation. We reject the Noskes' argument that they could not respond adequately to the government's motion because the IRS seized a number of their documents and tape recordings. The Noskes could have satisfied their burden under Rule 56 by providing affidavits which set forth specific facts to support these claims.
 
 
 7
 The Noskes further maintain that the district court erred by concluding that their complaint failed to state a claim under section 7433(a), which provides a taxpayer with a cause of action if, "in connection with the collection of Federal tax," the IRS "recklessly or intentionally disregards any provision of" the Internal Revenue Code (IRC). The district court correctly dismissed Count II insofar as it was grounded on the legality of the initial assessment of the section 6700 penalties because the statute applies only to collection activities. See Miller v. United States, 763 F. Supp. 1534, 1543 (N.D. Cal. 1991). Moreover, most of the allegedly illegally-filed notices of liens or final demands could not support a cause of action under this statute because they were filed on March 25, 1988, and the statute applies to actions taken after November 10, 1988. See Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, § 6241(d), 102 Stat. 3342, 3749 (1988). We also agree with the district court that the Noskes' other allegations did not give rise to a claim under section 7433(a).
 
 
 8
 Next, we reject the Noskes' argument that the district court erred by concluding that the IRS did not "recklessly or intentionally disregard" the IRC by commencing collection activities after their refund actions were dismissed and before this court reversed those dismissals. Because the Noskes failed to request a stay of enforcement of the judgment pending appeal under Federal Rule of Civil Procedure 62(d), the district court correctly concluded that the IRS did not recklessly or intentionally violate the IRC by commencing collection activities during the pendency of the appeal. We need not address whether the district court erred by striking the Noskes' demand for a jury trial because we affirm the grant of summary judgment. Finally, we deny the Noskes' motion to strike.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota