# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-10976
Summary Calendar

RICHARD A WALTERS

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; GEORGE VENTURA, Revenue Agent; V JOSEPH, Revenue Officer; ROBERT LAPISKA, Revenue Officer; JOHN SNOW, SECRETARY, DEPARTMENT OF TREASURY; COMMISSIONER OF INTERNAL REVENUE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-427

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard A. Walters appeals the district court's dismissal of his complaint which challenged certain tax penalties assessed against him. We affirm.

I. Background

Walters worked for Tax Strategies, Inc., in Leheigh Acres, Florida, between January 1998 and December 31, 2000. During this time, the IRS

---

[*] Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in that rule.

alleges that Walters promoted or sold abusive tax shelters and other abusive tax schemes in violation of federal law. In a prior action, the IRS and Walters entered into a Stipulated Judgment and Permanent Injunction which enjoined Walters from, among other things, continuing to organize and sell these fraudulent tax arrangements.[1] The IRS subsequently investigated and determined that, prior to entry of the injunction, Walters had sold forty-five prohibited plans to his clients.

The IRS assessed a penalty of $45,000 against Walters. This penalty consisted of $1,000 for each allegedly improper tax arrangement that Walters sold. The IRS sent Walters a notice of the penalty and a demand for payment on January 2, 2006. After receiving the notice, Walters sent $100 to the IRS and filed an administrative claim for refund. After waiting six months and receiving no response from the IRS, Walters filed this action seeking injunctive and declaratory relief, a refund of his $100 payment, and unspecified damages. The Defendants moved to dismiss Walters's claims. The district court granted the motion and Walters timely appealed.

II.    Analysis

The Motion to Dismiss was granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). We review the dismissal de novo. Brown v. Nationsbank Corp., 188 F.3d 579, 585 (5th Cir. 1999).

Congress has adopted procedures a taxpayer must follow to challenge penalties such as these. The statute provides that within thirty days of receiving notice of the penalty, the taxpayer must pay at least 15% of the amount assessed and also file a claim seeking a refund of the amounts paid. 26 U.S.C. § 6703(c)(1). This partial payment operates to stay the collection of the remaining amounts assessed until the dispute is resolved. Id. If the IRS denies the taxpayer's claim, the taxpayer can bring suit in district court within thirty days

---

[1]    United States v. Anderson, et al., No. 2:04-cv-400 (M.D. Fla. March 7, 2005).

of the date of denial.  26 U.S.C. § 6703(c)(2).  The taxpayer can also bring suit if the IRS fails to take any action on his validly filed claim for six months.  Id.

In this case Walters paid $100 and filed a claim for refund within the required thirty days.[2]  Of course, this $100 payment is less than 15% of both the entire $45,000 assessment ($6,750) as well as each $1,000 penalty ($150).[3]  Walters argues that his $100 "partial payment" was sufficient under Section 6703(c)(2) to submit a claim.  He argues that when the IRS failed to respond to his claim for six months, he properly filed this suit.

As an initial matter, this court has not held that the "partial payment" language of Section 6703(c)(2) allows a taxpayer to make a payment of less than 15% before challenging the assessment.  See Nielsen v. United States, 976 F.2d 951 (5th Cir. 1992) ("The statutory framework provides that after the taxpayer pays the 15% and the IRS denies a refund" the taxpayer may proceed in district court).  The "any partial payment" language of Section 6703(c)(2) must be read in conjunction with Section 6703(c)(1), which expressly requires that 15% of the penalty must be paid.  See Noske v. United States, 911 F.2d 133, 136 (8th Cir. 1990) (rejecting argument that "any partial payment" could mean less than 15%).  Walters's failure to follow the administrative procedure set out by Congress to challenge the IRS assessment – paying 15% of the assessment and

---

[2]  On appeal Walters attempts to present additional evidence that he paid more than $100.  Specifically, Walters attempts to attribute amounts subsequently collected by the Government to satisfy the required 15%.  Of course, absent extraordinary circumstances, we do not consider evidence on appeal that was not first presented to the district court.  Benefit Recovery, Inc. v. Donelson, 521 F.3d 326, 326 (5th Cir. 2008).  Even were we to consider Walters's evidence, there is no indication that the amounts withheld by the Government were withheld within thirty days after Walters was given notice of the assessment as required by Section 6703(c)(1).

[3]  Walters alleges that each $1,000 assessment is divisible, and he was only required to pay 15% of one assessment (or $150) to challenge the assessment.  While it is unclear whether each sale of an abusive tax scheme constitutes a separate activity for purposes of filing a claim, we do not have to decide the issue in this case.  Walters paid only $100 – or 10% of one assessment.  Thus, even if the assessments are considered divisible, Walters's payment falls short of the amount necessary to properly challenge the assessment.

seeking a refund – means this court does not have jurisdiction to consider his claim. Gustin v. United States, 876 F.2d 485, 488 (5th Cir. 1989) (taxpayer must follow procedures and file a valid claim for a refund or federal court is deprived of subject matter jurisdiction). Therefore, the district court correctly held that it lacked subject matter jurisdiction over Walters's challenge to the $45,000 in penalties assessed by the IRS.

Walters also challenges Section 6703's requirement that he pay 15% of the assessment as a prerequisite to challenging the validity of the assessment. Walters claims that he should be entitled to a hearing to challenge the assessment before having to pay any amount to the IRS. Walters alleges that by requiring prepayment the statute violates his constitutional right to due process. This claim is without merit. The IRS's assessment and collection procedures do not violate a taxpayer's due process rights so long as the taxpayer is provided post-collection review. Baddour, Inc. v. United States, 802 F.2d 801, 807 (5th Cir. 1986) (collecting cases). Therefore, the district court properly dismissed Walters's challenge to the constitutionality of Section 6703.

Apart from challenging the $45,000 assessment and the constitutionality of the prepayment requirement, Walters also seeks injunctive and declaratory relief. Walters argues that by obtaining the prior injunction, the IRS is now barred – either by res judicata or collateral estoppel – from assessing penalties for conduct that occurred prior to entry of the injunction.

With regard to his claim for declaratory relief, the Declaratory Judgment Act specifically excludes from its scope actions "with respect to Federal taxes." 28 U.S.C. 2201(a). Therefore, the district court correctly held it did not have jurisdiction to consider Walters's claim for declaratory relief, and it was properly dismissed. McCabe v. Alexander, 526 F.2d 963, 965 (5th Cir. 1976).

Similarly, with regard to Walters's claim for injunctive relief, Congress has enacted the Anti-Injunction Act which denies federal courts jurisdiction over suits to enjoin assessment or collection of a tax. 26 U.S.C. § 7421(a). The

Supreme Court has recognized a narrow exception to this prohibition. The exception applies where the taxpayer can demonstrate that even "under the most liberal view of the facts and law, the government cannot win," and the taxpayer demonstrates that he "will suffer irreparable injury for which no legal remedy is adequate." Smith v. Rich, 667 F.2d 1228, 1231-32 (5th Cir. 1982).

Walters incorrectly argues that his claim fits within this narrow exception. Walters's claim that either collateral estoppel or res judicata bars the IRS from assessing or collecting any penalty against him (and therefore the Government "cannot win") is without merit. The purpose of the prior injunction was to ensure that Walters did not engage in prohibited conduct in the future. Walters's liability for past conduct was neither litigated nor decided in that action. Res judicata and collateral estoppel are inapplicable in this context. See United States v. Shanbaum, 10 F.3d 305, 310-11 (5th Cir. 1994). Therefore, the district court properly held that it did not have subject matter jurisdiction to consider Walters's claims for injunctive relief. Zernial v. United States, 714 F.2d 431, 433 (5th Cir. 1983).

Finally, Walters asserts that several individuals involved in the assessment and attempted collection of the penalties violated his constitutional rights. The district court correctly concluded that the allegations against these individuals are for acts performed in their official capacities, and are therefore properly claims against the United States. Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000). Therefore, Walters failed to state a claim against these individuals and the claims were properly dismissed. We have already concluded that Walters does not have a valid claim against the United States. Therefore, the district court properly dismissed the claims against all Defendants.

AFFIRMED.