**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-16200 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-02335-EHC |
| v. | |
| DENNIS OWEN POSELEY, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| PATRICIA ANN ENSIGN, AKA Patricia Moats, AKA Patricia Poseley, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Patricia Ann Ensign appeals pro se from the district court's orders dismissing for lack of jurisdiction her motion for declaratory and injunctive relief from the Internal Revenue Services's ("IRS") assessment of administrative penalties for selling tax evasion schemes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992), and we affirm.

Dismissal on jurisdictional grounds of Ensign's motion for relief from the assessment of penalties under 26 U.S.C. § 6700 was proper because the government is immune from being sued regarding such penalties except under limited circumstances that Ensign failed to establish. *See* 26 U.S.C. § 6703(c) (to contest § 6700 penalty, claimant must pay 15% of penalty and file a refund claim with IRS); 26 U.S.C. § 7422(a) (prohibiting suit to recover penalties until refund claim is filed); *see also Korobkin v. United States*, 988 F.2d 975, 976 (1993) (per curiam) (court lacks jurisdiction over challenge to § 6700 penalty if party fails to comply with statutory administrative claim requirement); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007) (waivers of sovereign immunity must be unequivocal and strictly construed in the government's favor).

The district court did not abuse its discretion in denying Ensign's motion for reconsideration because she failed to establish grounds for such relief. *See Sch.*

*Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing denial of reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) for an abuse of discretion and setting forth requirements).

Ensign's remaining contentions are unpersuasive.

**AFFIRMED.**